Fort Worth & Denver City Railway Company v.
Mary E. Linthicum et al.

Decided October 31, 1903.

**1.—Action for Death—Measure of Damages—Charge.**

In an action of damages for death, brought by the surviving mother and wife of the deceased, a charge instructing the jury that, in the event of a verdict for plaintiffs, they should find for them such a sum "as is of a value at the present time sufficient to reasonably and fairly compensate plaintiffs for such pecuniary benefits as you may believe from the evidence plaintiffs had a reasonable expectation of receiving" from the deceased, was equivalent to charging that plaintiffs should receive such a sum "as would fairly compensate them for the pecuniary loss sustained." If there was error in the charge, it was in defendant's favor.

**2.—Remittitur—Damages for Death.**

It is not reversible error for the trial court to require a remittitur of excessive damages as a condition to his overruling a motion for new trial.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*Stanley, Spoonts & Thompson,* for appellant.

*Ben M. Terrell,* for appellee.

SPEER, Associate Justice.—This is an action for damages growing out of personal injuries resulting in the death of Martin Linthicum. On the measure of damage the court charged: " * * * Then you will return a verdict in favor of plaintiffs for such a sum of money as damages as is of a value at the present time sufficient to reasonably and fairly compensate plaintiffs for such pecuniary benefits as you may believe from the evidence plaintiffs had a reasonable expectation of receiving from said Martin Linthicum, if any, from and after the date of his death, if his death had not been so occasioned. * * * " The plaintiffs were the surviving wife and mother of the deceased. Appellant objects to this charge, and points out that appellees, if entitled to recover, should receive that which would fairly compensate them for the pecuniary loss sustained, and that the charge, in effect, takes from the jury the question of what would be fair compensation; and furthermore insists that "a sum of money which at present value would be sufficient to compensate the plaintiffs for such pecuniary benefits as the plaintiffs had a reasonable expectation of receiving, might be much greater than enough to compensate the plaintiffs for the pecuniary loss sustained."

Undoubtedly the rule is as contended by appellant, that appellees can recover only such sum as will compensate them for the pecuniary loss sustained, and we do not understand the charge to authorize a greater recovery. If it is subject to criticism at all in this respect, it is because of its limiting appellees' right to a recovery of the lost pecuniary benefits only. See Fort Worth & D. C. Railway Co. v. Morrison, 56 S. W.

Rep., 93. But obviously, to this extent, i. e., for the pecuniary benefits the appellees had a reasonable expectation of receiving from the deceased but for his death, the charge properly allowed a recovery, and submitted to the jury the determination of what would be reasonable compensation. We can not see how the pecuniary benefits could exceed the pecuniary loss; but we can understand how the pecuniary expectancy may be less than appellees' loss. So that, if there is error in the charge, it is in appellant's favor. Of course the appellees can recover only the present worth of the anticipated pecuniary benefits, and this we understand to be the measure announced by the charge, although the language employed is not the most apt.

There was neither exception to the petition nor objection to the testimony, and in this state of the case we hold there was no error in the court's charge on the issue of negligence, although the language of the petition is somewhat more general than that of the charge. They are substantially the same. The acts enumerated in the charge were embraced in the general language of the petition.

Appellant's defense that deceased's death was caused by consumption, and not by the injuries received, was properly submitted in almost the exact language of the plea. We therefore overrule the third and fourth assignments.

It has been held not to be reversible error for the trial court to require a remittitur of excessive damages as a condition to his overruling a motion for new trial. Such was not formerly the law, but the change has been wrought by the enactment of article 1029a, Sayles' Civil Statutes. See Galveston, H. & S. A. Railway Co. v. Johnson, 58 S. W. Rep., 622; Houston E. & W. T. Railway Co. v. Jackson, 61 S. W. Rep., 440.

We have carefully examined the evidence, and while there is much conflict among the witnesses, we nevertheless feel no hesitancy in holding that there is ample testimony which supports the verdict of the jury to the effect that the death of Linthicum was caused by injuries negligently inflicted by appellant, and that the amount of the judgment is not excessive.

All assignments are overruled, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.