CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY ET AL. V.
MRS. M. S. RHODES.

Decided April 9, 1904.

**1.—Carrier of Passengers—Explosion of Gas in Car—Liability for Injury.**

Where a railway company makes a contract with a light and power company to supply its cars with gas, and an explosion causing injury to a passenger results from the careless manner in which a servant of the latter company fills the gas tank in a car, the railway company is not excused for its failure to take the proper high degree of care for the safety of its passengers, since its duty to them is to see that the servant of the other company, admitted on its premises to supply its cars with gas, does not do this in such manner as to expose them to danger.

**2.—Same—Joint Tort Feasors.**

The light and power company having undertaken to discharge for the carrier the duty of supplying the cars with gas, thereby placed itself under obligation to the passenger to exercise at least the care of a person of ordinary prudence, and for a breach of this duty it is liable along with the carrier for the consequent injury.

**3.—Damages—Excessive Verdict—Remittitur.**

In an action of damages for personal injury the trial court has the power to correct the error of excess in the verdict by requiring a remittitur.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*Capps & Canty,* for appellant Fort Worth Light and Power Company.

*N. H. Lassiter* and *Robert Harrison,* for appellant railway company.

*Wynne, McCart, Bowlin & McCart,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—A gas explosion in one of the Rock Island cars standing in the yards and depot grounds used by it in Fort Worth, Texas, which occurred April 20, 1902, about 7:30 o'clock at night, produced a stampede among the passengers of said railway company, in consequence of which appellee, who was one of them, sustained personal injuries. Besides being badly frightened and prostrated with nervousness, she received a blow of some kind and was rendered unconscious. She recovered a verdict against both the railway company and the Fort Worth Light and Power Company for $1350, but the court required a remittitur of $450, and from a judgment for $900 both companies have appealed, each claiming that the other alone was liable, if liability there was.

The railway company made a contract with the other company to supply the cars of the former with gas, and the explosion took place while the latter was discharging this obligation. After the servant of the light and power company had filled a gas tank on a Rock Island car opposite and next to the car in which appellee was a passenger, he failed to shut off the gas, which caused the explosion in the car. It

was the contention of the railway company that this was due alone to the negligence of the servant of the light and power company; it was the contention of the light and power company that it was due alone to a defective condition of the valve of the car, for which it was in no way responsible. There was evidence to support both contentions, but the preponderance of the evidence was in favor of the railway company.

It does not follow, however, because the explosion may have resulted alone from the awkward and careless manner in which the servant of the light and power company attempted to shut off the gas, as the evidence would have warranted the jury in finding, that this would excuse the railway company for its failure to take proper care for the safety of its passengers. Its duty to its passengers to see that the servant of the light and power company, admitted on its premises to supply the cars with gas, did not do this in such manner as to expose them to danger, was even greater than that of the latter company. It would not do to allow a common carrier of passengers, by contracting with others to discharge its duties, as was done in this instance, to substitute for the very high degree of care imposed by law a less degree of care. It is as much the duty of a common carrier of passengers, such as a railway company, to see that due care is taken in filling the tanks on its cars with inflammable gas as it is to see that its engines and coaches are properly equipped and are supplied with fuel and ice in a proper manner. The passenger has a right to expect of the carrier a high degree of care in the discharge of these incidental duties. Carpenter v. Boston & A. Ry. Co., 97 N. Y., 494, and cases cited in foot notes.

Also, one who undertakes to discharge such duties for the carrier places himself under obligation to the passenger to exercise at least the care of a person of ordinary prudence, and for a breach of this duty is liable for the consequent injury. It is upon this ground that we sustain the judgment against the light and power company. It follows that both companies are liable.

The trial court had the power to correct the error of excess in the verdict by requiring a remittitur. Fort Worth & D. C. Ry. Co. v. Linthicum, 33 Texas Civ. App., —, 77 S. W. Rep., 40.

The judgment is affirmed.

*Affirmed.*