ROSCOE, SNYDER & PACIFIC RAILWAY COMPANY v. W. H. JACKSON.

Decided April 9, 1910.

**1.—Personal Injuries—Pleading.**

A petition in a suit for damages for personal injuries considered and held not subject to a general demurrer on the ground that the allegations of the extent and manner of the injuries were not sufficiently specific.

**2.—Same—Injury to Eye—Expert Testimony.**

Plaintiff having testified that the sight of both his eyes was good prior to an accident and that his right eye was injured as a result of the accident, the testimony of an expert optician was admissible as to the injured condition of the eyes after the accident, although he had not examined them before the accident.

**3.—Assumed Risk—Negligence of Third Person.**

The doctrine of assumed risk rests upon an agreement expressed or implied between master and servant, therefore a servant can not be said to have assumed the risk of injury from the negligence of a person other than the master.

**4.—Appeal—Practice—Refusal of Special Charge.**

When the court did not submit to the jury the issue of liability of the defendant because of defective appliances furnished by the defendant to the plaintiff, it was not error to refuse a charge requested by defendant to the effect that it was only required to furnish reasonably safe appliances.

**5.—Remittitur—Excessive Verdict—New Trial.**

The fact that the trial court on motion for new trial concludes that a verdict for damages is excessive, and requires the plaintiff to remit a part of the same, is not tantamount to sustaining the motion for a new trial based

only in part upon the excessiveness of the verdict, and does not require that

Appeal from the District Court of Scurry County.   Tried below before Hon. C. C. Higgins.

*Arthur Yonge,* for appellant.

the verdict be vacated as a whole.
*Smith, Hutcheson & Taylor,* for appellee.

DUNKLIN, Associate Justice.—W. H. Jackson, an employe of the Snyder Cotton Oil Mill, while engaged in unloading a car of cotton seed standing on a spur track of the Roscoe, Snyder & Pacific Railway Company located near the mill, and while he was on the inside of the car, the car was struck by another car loaded with coal which had been "kicked" upon the track by a train operated at the time by employes of the railway company.   The collision caused Jackson to fall, and just as he was recovering himself from this fall the seed car, which had been put in motion by reason of the blow from the other car, collided with a bumping post at the end of the spur track, and this collision caused him again to be thrown to the floor of the car.   He sued the railway company to recover damages for personal injuries which he alleged he sustained by reason of the two falls above mentioned, and further alleged that the company was guilty of negligence in shoving the coal car in such manner as to cause it to collide with the other car, and from a judgment in his favor for fifteen hundred dollars the railway company has appealed.

Appellant complains that its general demurrer to plaintiff's petition should have been sustained because the petition did not contain specific allegations of the manner and extent of his injuries.   In the petition plaintiff alleged that "his right cheek was cut open, bruised and injured, and the right side of his head was bruised and injured so greatly that the nerves, muscles and other portions of his right eye were so injured that the sight of said eye has been greatly impaired and practically destroyed; that two ribs of his right side were broken and he was so injured about his right hip, right arm and right shoulder, and in and about his side, spine and internal organs that he was caused to suffer great physical pain and mental anguish and rendered unfit to follow his usual avocation and permanently injured."   Clearly the allegations of injuries were sufficient as against a general demurrer.

Over appellant's objection, H. G. Towle, an expert optician, testified that he had never examined plaintiff's eyes before the accident, but had examined them since the accident and found that his right eye was impaired to a greater extent than his left eye.   There was no error in this ruling as plaintiff testified that the sight of both eyes was good prior to the accident and that his right eye was injured as a result of the accident.

Appellant complains further of the refusal of an instruction requested by it, in effect, that in accepting the employment from the

oil mill company of loading and unloading cars, plaintiff assumed the risk ordinarily incident thereto and that if his injury was the result of such risk he could not recover.  Plaintiff was not employed by the defendant and, therefore, the law of assumed risk was not applicable, as the doctrine of assumption of risks rests upon an agreement, expressed or implied, between master and servant.  26 Cyc., 1180.

Testimony was introduced upon the trial tending to show that the brakes upon the coal car were out of order and that had they been in proper condition the car would have been stopped by the brakeman, who was riding upon it, in time to have avoided the accident. The petition contained an allegation of the insufficiency of the brakes, and appellant, contending that as the issue of negligence in this particular was thus presented, has assigned error to the refusal of its requested instruction that defendant was only required to furnish reasonably safe appliances.  A sufficient answer to this assignment is that the court did not submit the failure to equip the car with safe appliances as an issue of negligence.

Appellant insists that the evidence did not support the charge of negligence submitted to the jury and made the basis of the verdict and judgment, and that the judgment is excessive.  We have carefully examined the testimony contained in the record and conclude that these contentions are without merit.

The verdict was for two thousand eight hundred dollars.  As a condition for the denial of defendant's motion for a new trial the court required that plaintiff file a remittitur of one thousand three hundred dollars of the amount found by the jury.  Thereupon plaintiff filed the remittitur and the motion for a new trial was then overruled.  Appellant contends that as the court found the verdict excessive, one of the grounds urged by the defendant for a new trial was thereby sustained, and that having sustained that ground the refusal to vacate the verdict in its entirety was error.  The law on this question is settled adversely to appellant's contention by the decision in the case of Ft. Worth & D. C. Ry. v. Linthicum, 33 Texas Civ. App., 375 (77 S. W., 40).

We have found no error in the judgment and it is affirmed.

*Affirmed.*