WORLD OIL COMPANY, INCORPORATED, v. L. R. HICKS, JR.

No. 6827.  Decided April 14, 1937.
(103 S. W., 2d Series, 962.)

W. L. *Dean, Boykin & Ray* and *Perkins & Culbertson,* all of Fort Worth, for appellant.

*Clay Cooke,* of Fort Worth, for appellee.

MR. JUDGE MARTIN delivered the opinion for the Commission of Appeals, Section B.

Judgment was entered in a libel suit. The Fort Worth Court of Civil Appeals determined that no error existed in the trial of the case, unless the action of the trial court was such in entering judgment after remittitur, as shown hereafter. That court certified to us the above question, its certificate reading in part as follows:

"In the above entitled cause the World Oil Company, Inc., defendant in the trial court, has prosecuted an appeal from a judgment against it in favor of John C. Hicks, independent executor of the estate of L. R. Hicks, deceased, and Mrs. Catherine Hicks, his surviving wife, for damages for libelous statements concerning the character of L. R. Hicks during his life, which were embodied in a letter written by Chester R. Bunker as president of the defendant corporation.

"The verdict of the jury shows findings sustaining plaintiff's allegations of libel and of liability of the defendant corporation therefor, all of which are supported by the evidence introduced and assessed damages sustained by L. R. Hicks as a result of the libel as follows: $50,000.00 actual and $15,-000.00 exemplary.

"One of the grounds urged by defendant in the trial court for a new trial was that the verdict was excessive and to such extent as to show that the amount allowed was the result of passion and prejudice against the defendant, which vitiated the verdict in its entirety. Upon a hearing of the motion the trial judge announced that it would be sustained and a new trial ordered unless plaintiffs would file a remittitur of all the exemplary damages and $38,000.00 of actual damages allowed by the jury. Thereupon, counsel for plaintiffs filed the remittitur suggested but stating therein that it was filed at the suggestion of the trial court and without admitting that the verdict

was excessive. The trial court reduced the amount of judgment already rendered for the full amount of damages allowed by the jury to the sum of $12,000.00 for actual damages, and overruled the motion for new trial, to which defendant excepted and gave notice of appeal.

"On a former day this court overruled all of appellant's assignments of error except the one complaining of the action of the trial judge in refusing a new trial after he had found that the verdict was excessive in the amount stated. In our original opinion that assignment was sustained and the cause was ordered remanded for another trial.

"  *   *   *

"We have reached the conclusion that the ·evidence was sufficient to show liability of appellant for the libel made the basis of the suit. But we are unable to sustain the contention of appellant that $12000.00, the amount for which judgment was finally rendered, was so excessive that this court should require a further remittitur under the provisions of Art. 1862. Nor can we say, as insisted by appellant, that the evidence was insufficient to support the conclusion reached by the trial judge that the amount of damages remitted was sufficient to eliminate from the verdict the taint of bias and prejudice.

"  *   *   *

"By reason of what appears to us an uncertainty in our decisions on the question, we deem it advisable to submit for determination by your Honorable Court ·whether or not the trial court erred in rendering judgment for the sum of $12,-000.00 after the remittitur was filed by the plaintiffs instead of setting aside the verdict in its entirety and granting a new trial?"

The real question in the mind of that court is best illustrated by the following quotation from its opinion in 75 S. W. (2d) pp. 905, 909:

"We have all agreed that the assignment of error to the action of the court in rendering judgment for $12,000.00, after the trial court had found that the damages allowed by the jury were excessive to the extent of $53,000 and plaintiff had filed a remittitur of such excess, should be sustained, ·since there is no evidence in the record which would enable the trial court to determine with certainty that plaintiff was entitled to recover $12,000, at all events. In the·absence of such proof, the undertaking by the court to fix the amount of damages would be an invasion of the province of the jury. Nor can this court say from the evidence to what extent the bias of the jury affected

the amount of damages awarded, and therefore is in no position to suggest a further remittitur to be filed by the appellee to avoid a remand of the case for another trial. This conclusion seems to have abundant support in the following authorities and decisions therein cited: General Accident, Fire & Life Ins. Co. v. Bundren, (Tex. Com. App.) 283 S. W. 491; Bower v. Lively, (Tex. Civ. App.) 11 S. W. (2d) 556; Galveston, H. & S. A. Ry. Co. v. Craighead, (Tex. Civ. App.) 175 S. W. 453; Chicago, R. I. & G. Ry. Co. v. Johnson, (Tex. Civ. App.) 224 S. W. 277. And for this error the judgment of the trial court is reversed, and the cause is remanded."

The above question is too general to be answered by an unequivocal Yes or No. We waive its apparent insufficiency, but are compelled to call attention to component parts of the general question, each of which must be noticed, before an appropriate answer can be made to the question asked.

The trial court in this case went no further than requiring a remittitur as a condition of overruling a motion for new trial. This is not a case of an affirmative showing of jury misconduct or of bias and prejudice, except as same may be inferred from the so-called excessive verdict.

The question, as presented, includes within it a determination of these questions, viz.:

1. The right of a trial court to enter judgment after remittitur, where as here the damages are unliquidated, no measure of recovery being fixed by law than the discretion of the jury guided by its sense of right and justice.

2. Its right to thus act, if the excessive verdict be so large as to suggest passion and prejudice.

3. As a necessary corollary of the second question, the further one of what proper inferences may be drawn from the existence alone of an excessive verdict, unaffected by affirmative proof of jury misconduct or passion and prejudice.

The liability of the World Oil Company for damages in some amount is not a disputed issue here. Upon the findings before us we assume the jury were fully justified under the evidence in assessing damages in a large amount.

[1] Several old cases, including Thomas v. Womack, 13 Texas 580, and Nunnally v. Taliaferro, 82 Texas 286, 18 S. W. 149, sustain the view that in cases where there is no certain measure of damages, the court will not be permitted to substitute its own opinion for that of the jury as to what is a reasonable amount and thus in effect to deny the aggrieved party the right

of trial by jury. These cases deny the right of any court to enter judgment after remittitur in cases of this character. This rule has always been a minority one. Modern authorities are overwhelmingly the other way. For collation of authorities pro and con see 46 C. J., p. 429; 3 Am. Jur., pp. 686 and 687. Judge Brown's language in Texas & N. O. Ry. Co. v. Syfan, 91 Texas 562, 44 S. W. 1064, is as follows:

"The weight of authority sustains a doctrine contrary to that heretofore asserted by our courts, and accords to the court trying the case the discretion to suggest a remittitur of a stated amount as a condition upon which a motion for new trial will be overruled or a judgment affirmed, when there is no other error, and the court finds that the verdict of the jury is for an excessive amount, and that, upon the plaintiff's accepting the terms and entering the remittitur, the court may overrule the motion for rehearing or affirm the judgment, the error being cured by the remittitur."

While this case was dealing with the right of a Court of Civil Appeals under a then recently enacted statute to order a remittitur, its language and holding impliedly support the action of the trial judge in the present case upon the question under discussion. Following this case the Court of Civil Appeals at San Antonio, in the case of Galveston H. & S. A. Ry. Co. v. Johnson, 24 Texas Civ. App. 180, 58 S. W. 622 (writ refused), considered the right of a trial court to enter judgment after remittitur. The judgment there was for unliquidated damages and was affirmed and writ refused. This case in effect recognizes that trial courts have the same right pointedly given to Courts of Civil Appeals by Article 1862, R. S. 1925, to enter judgment after remittitur, and discussed by Judge Brown in the Syfan case, supra. Other cases recognizing this right in cases of this character are: Roscoe, etc., R. Co. v. Jackson, 60 Texas Civ. App. 276, 127 S. W. 872; Western Union Telegraph Co. v. Skinner, 60 Texas Civ. App. 477, 128 S. W. 715; Southwestern Tel., etc., Co. v. Gehring, 137 S. W. 754; 46 C. J., pp. 429, 430, Note 16.

That such action does not violate the constitutional guaranty of trial by jury is now too well settled to require discussion. Texas & N. O. Ry. Co. v. Stevens, (Com. App.) 24 S. W. (2d) 9.

2 It seems to have been assumed in some cases that the inference of passion and prejudice will follow as a necessary conclusion from any finding of excessive damages, and when present vitiates a verdict in its entirety. Such a holding would in

effect invalidate our remittitur statutes, and make the vicious wrongdoer a favored child of the law.

Cases must be tried before human beings whose minds supposedly react in a normal way to evidence of wrongdoing. If our courts denominate a perfectly natural human emotion as prejudice which destroys in every case the integrity of the verdict, then before whom are wrongdoers to be tried? If a mistaken zeal for right, or even prejudice against a wrongful act proven by competent evidence, causes the rendition of a merely excessive verdict, as distinguished from a finding of liability upon a disputed issue, why shouldn't a trial court have the right to correct the error with the consent of the adverse party for the reasons given in the cases already cited? There are cases where a shockingly excessive verdict, and the record as a whole, leave no room for doubt that the minds of jurors were so controlled and dominated by passion and prejudice as made them incapable of, or entirely unwilling to consider a case on its merits. The remedy in such a case is to set the verdict aside, and refuse remittitur. There is no precise legal measuring stick for such cases. The following rule approximates a correct one, as nearly so, in our opinion, as can be found:

"To bring a case within the rule prejudice or passion must be affirmatively shown; excessiveness of the verdict in itself does not establish it, unless it is so flagrantly excessive that it can not be accounted for on any other ground; but it has been held that, where it clearly appears that the damages are grossly excessive, that fact may be regarded to some extent as reflecting the failure of the jury to appreciate and apply the testimony as to the question of liability, and a new trial may be granted without a condition." (46 C. J., p. 431, Sec. 500.)

We turn briefly to a consideration of two cases, which apparently influenced the Court of Civil Appeals in this case.

In General Acc. Fire & Life Ins. Corp. v. Bundren, 283 S. W. 491, Judge SHORT did not have before him the present question. He states that there was no assignment raising the question of passion and prejudice. His language respecting this phase of the present question was dicta. Moreover, he was influenced by the old case of Thomas v. Womack, 13 Texas 580, already discussed.

In International & G. N. Ry. Co. v. Cooper, 1 S. W. (2d) 578, Judge CRITZ' holding applies to a case of straight jury misconduct, not excessive verdict as here. The case is too plainly distinguishable from the present one to require analysis. More-

over, this case clearly supports the view that a trial court, with the consent of plaintiff, may enter judgment after remittitur.

The holding herein is to be distinguished from cases of jury misconduct, or of some error which probably affected the rendition of a verdict upon a disputed issue, or of distinct items of recovery, supported by affirmative proof, but incapable of separation from others involved.

3   Answering as nearly as possible the question propounded: the trial court did not err in entering judgment herein, after remittitur by the plaintiffs, unless the Court of Civil Appeals is able to say under the above rule that the finding of the jury on the item of damages was so tainted with passion and prejudice as to vitiate it.

Opinion adopted by the Supreme Court April 14, 1937.