**GULF, COLORADO & SANTA FE RAILWAY COMPANY, Appellant,**

v.

**Reymundo Frausto DeLEON, Appellee.**

No. 3824.

Court of Civil Appeals of Texas.

Eastland.

Sept. 20, 1963.

Rehearing Denied Jan. 10, 1964.

Hudson, Keltner Jordan, Smith & Cunningham (Walter E. Jordan), Ft. Worth, Holloway & Slagle, Brownwood, for appellant.

Helm, Jones, Pletcher & Winkelman, Houston, Gordon Griffin, Jr., Brownwood, for appellee.

WALTER, Justice.

Appellant's second motion for rehearing is overruled. We adhere to our order affirming the judgment. However, our opinion dated September 20, 1963, and our opinion overruling appellant's first motion for rehearing of October 18, 1963, are withdrawn and the following is substituted therefor:

Reymundo Frausto DeLeon recovered a judgment against Gulf, Colorado & Santa Fe Railway Company for $62,500.00, in a Federal Employers' Liability Act case. The railroad has appealed.

DeLeon was working in an extra gang for the railroad and was ordered by his foreman to load a tool box on a box car. The box was estimated to weigh from four to seven hundred pounds. The terrain where the men were attempting to load the box was sloping away from the tracks. The ground was frozen and it was sleeting. One of the men attempted to unlock the box but the lock was frozen. Six men tried to carry it. The handles on it were too close together and the men had difficulty walking. Foreman Long told them "not to mess around with it, to load it as it was, that he was going to separate the men from the boys there." Four men then tried to carry it. DeLeon was one of the four. Manuel Mindieta was also one of the four. They walked about fifteen feet with it and DeLeon told the boys to let it down. He felt something give and twist and said he hurt his back. The timekeeper took him to Dr. Cutbirth's office. DeLeon's injury occurred on January 27, 1961.

DeLeon was 28 years of age at the time of his injury. The parties stipulated that a person 28 years of age has a life expectancy of 43 years. Withholding Tax Statements revealed that DeLeon earned approximately $3,000.00 in 1959, and approximately $3,000.00 in 1960, while working for the railroad. At the time of his injury he was working 40 hours a week earning $2.05 per hour. He was asked if he was getting better or worse and he stated that "sometime I get worse, and then it doesn't hurt so much, and there are times when it hurts a lot", and that he was not able to work. A medical witness testified that DeLeon was suffering with a rupture of an intervertebral disc between the fifth lumbar vertebra and the sacrum; that heavy lifting and straining frequently produces a disc injury; that in his opinion such ruptured disc was caused by lifting the tool box, and that DeLeon was totally and permanently disabled.

One of appellee's lawyers in his argument to the jury said: "A box that weighed some four or five or seven or eight hundred pounds, too much whatever it is. Whatever its size, was a casket that carried the future health of this young Mexican." Appellant's objection that such argument was prejudicial and inflammatory was overruled by the court.

One of appellee's lawyers, in his argument to the jury, said: "Now, was this man injured as a result of an unavoidable accident? That is the following issue. Mr. Foreman, or Madame Forewoman, as the case may be, when you get to that issue read it carefully so that there can be no confusion about it, because it, like the rest, are vital. A wrong answer under the evidence means justice is defeated." The appellant objected to such argument on the grounds that it was improper and that it was an attempt to tell the jury what they should do and the effect of their answer. The objection was overruled.

The appellant contends that the court erred in permitting appellee's counsel to misquote and misstate the testimony of one of appellant's medical witnesses, by telling

the jury that Dr. Lazarz said: "I saw the disc, ruptured disc of the disc syndrome * * *." At this point counsel for appellant said: "If the Court please, he did not say ruptured disc", and counsel for appellee replied, "He said disc. You are right, Walter. I apologize." Counsel, nevertheless, asked the court to instruct the jury not to consider such argument and the court sustained such objection, and counsel for appellee said, "Walter was right that time."

Another point urging improper jury argument is made to the following: "but when any remark is made about, 'well, this story was a fabrication, and they go out here and get this testifying doctor,' I want to tell you that most of the practice that we get comes from former jurors in these lawsuits * * *." After such argument was made the following took place:

"MR. JORDAN: If the Court please, I think that is * * *

MR. HELM: All right. It does not come from them, then. All right, It comes from other sources

THE COURT: Overrule the objection

MR. JORDAN: Note our exception."

The court sustained appellant's objection and instructed the jury not to consider the following argument: "I do not claim to be a doctor, although I am kind of like a doctor, I have seen lots of back injuries, and I have seen a lot of people years after these lawsuits are over, and you do not find many happy people. * * *"

The court overruled appellant's objection to the following argument: "This business of bringing Dr. Mayo up, well, Dr. Mayo is a good man, I am sure. Never saw him before in my life. What did he contribute to this? Nobody has claimed in this entire thing * * * want to get these local doctors around here hoping some of the jurors might be kin to some of them or know them, and say, 'well, Dr. Mayo said so-and-so.' It's * * *" Appellant's

objection to such argument was "If the Court please * * * * * * got nothing more to do with it than a jack rabbit. * * * We object to that. That is not the purpose of bringing * * *

MR. HELM: All right.

MR. JORDAN: * * * any witnesses in this Courtroom. Shirley knows it. It is improper, and we object to it."

Appellant has another point complaining about the following argument:

"For example, Mr. Jordan said, 'Now, Doctor, you did not find anything to suggest a ruptured disc, did you, or disc injury,' and you saw how carefully those Doctors would hesitate and think, and study, and not say, 'No' Say, 'Well, yes, I did.' " After the argument was made the following took place:

"MR. JORDAN: If the Court please, I think that is out of the record. That is not the testimony as I recall it. We object to it, to his going out of the record.

MR. PLETCHER: Ladies and Gentlemen, as you recall * * * excuse me, Your Honor.

THE COURT: Members of the jury, you recall the records yourself, and if Counsel is mis-stating the record in any way, disregard it."

The court overruled appellant's objection that the following argument was out of the record: "These professional witnesses, these physicians, when they testify, had better be accurate, as accurate as they possibly can be if they do not want the Medical Society and every body else right on top of them, like a duck on a june bug."

One of appellee's counsel made the following argument: "This is not as easy as sitting down and multiplying life expectancy or work expectancy times earnings. This is something you can not use a slide rule on, but you can judge it this way, I suggest to you. You can not feel the pain of any one. I have had a toothache for

three days now, and nobody but me can feel it. I do not know whether you, or you, or you, are having the worst headache or the worst back ache in the world. Only the person suffering it, as one of the Railroad Doctors so aptly put it, only the person suffering the injury really knows how bad it is. Yet, the Court says, 'If the evidence shows in pain, both physical and mental.' What is mental pain? Well, I can imagine what it would be for me if I had on my mind that I might not ever again be a * * *"

Appellant objected to such argument for the reason that it was a personal reference, asking the jury and Mr. Pletcher to put themselves in Mr. DeLeon's position. The court overruled the objection.

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." Aultman et vir v. Dallas Ry. & Ter. Co., 152 Tex. 509, 260 S.W.2d 596. We have carefully considered all of the argument. We do not think the nature of the argument was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

Appellant sought to impeach DeLeon by his written statement dated February 3, 1961. DeLeon testified at the trial that the ground where they were trying to load the box was "sorta sloped" and that the tool box weighed 700 pounds. Appellant showed by DeLeon's written statement "but the footing was good and level where we were walking with the tool box" and that the box weighed from 400 to 500 pounds. The railroad did not offer the statement in evidence. Before DeLeon offered to introduce the statement, the appellant made the following objection:

"Just let the record show, Paul, that the defendant objects and excepts to any reference whatever to any alleged injury by Manuel Mindieta as a result of helping carry the box in question in this law suit. The objection is based on the ground that any such reference to the completely different man would be prejudicial and inflamatory, and completely irrelevant and immaterial to any issues involved in the case of Reymundo DeLeon's back."

After DeLeon testified that a claim agent for the railroad typed the statement out for him while he was in the hospital, his counsel offered to introduce the statement into evidence and said "if there is no objection." Counsel for appellant said: "No objection, except as I have stated, Your Honor." Appellee's counsel read the statement to the jury and then said: "Now then, lines are drawn by typewritered * * *". Counsel for appellant said: "Now, if the Court please, the statement is one thing, but we do not want Mr. Helm testifying about it. It is introduced into evidence without objection."

The written statement contained the following:

"A little later Manuel Mindietta also complained of straining his back on the tool box and the timekeeper carried us in to Brownwood to Medical Arts Clinic and Dr. Cutbirth examined me and gave me heat treatment or electric treatment and some pills."

DeLeon's foreman, Long, and G. E. Petty, a machine operator for the railroad, testified, without objection, to substantially the same thing. The error, if any, in admitting the written statement was thus rendered harmless. City of Sweetwater v. McEntyre, Tex.Civ.App., 232 S.W.2d 434, (Writ Ref. N.R.E.).

Special issue number three and the jury's answer thereto is as follows:

"Do you find from a preponderance of the evidence that the act of the de-

fendant's foreman or other superiors in ordering the men to load the tool box in question constituted negligence, as that term has been defined herein for you? Answer 'It was negligence' or 'It was not negligence'. It was negligence."

Special issue number five and the jury's answer thereto is as follows:

"Do you find from a preponderance of the evidence that at the time of and on the occasion in question the defendant failed to provide adequate facilities on the job? Answer 'We do' or 'We do not'. ANSWER We do."

Appellant contends that the court erred in overruling its objections and exceptions to these two special issues. At the outset we are confronted with the appellee's contention that these points are multifarious and cannot be considered. We have concluded that we will consider them as presenting "no evidence" points.

In the case of Rogers v. Missouri Pacific Railroad Company, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493, the Supreme Court of the United States in a Federal Employers' Liability Act case said:

"The law was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer's negligence."

In the case of Deen v. Gulf, Colorado & Santa Fe Railway Company, 353 U.S. 925, 77 S.Ct. 715, 1 L.Ed.2d 721, the court said:

"We hold that the proofs justified with reason the jury's conclusion that employer negligence played a part in producing the petitioner's injury."

Under the Federal Employers' Liability Act the test of what constitutes negligence and proximate cause is to be determined by applicable federal decisions. Under recent decisions by the United States Supreme Court in F.E.L.A. cases, we are compelled to find that there was some evidence of probative force in the record to support the jury's answer to special issues numbers three and five.

We have carefully considered all of the evidence and have concluded that the amount of the verdict was not the result of passion or prejudice or other improper motive or in disregard of the evidence. World Oil Co., Inc., v. Hicks, 129 Tex. 297, 103 S.W.2d 962; Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835; Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993. Appellant's points on excessiveness of the verdict are overruled.

Appellant's point number eighteen is as follows:

"The amount of the jury verdict was contrary to and against the overwhelming weight and preponderance of the evidence. (Germane to Point 1, Appellant's Amended Motion for New Trial.)" Point 1 in appellant's amended motion for new trial is as follows: "The amount of the jury verdict was contrary to and against the overwhelming weight and preponderance of the evidence."

We have considered all of the evidence and have concluded that the amount of the verdict is not contrary to the overwhelming weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660.

If, as appellant now contends in its motion for rehearing, point eighteen should be considered as presenting excessiveness of the verdict, applying the established rule for considering that point, it is overruled.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.