**Ditt L. GOATES et vir, Appellants,**

**v.**

**Mozell INGRAM et vir, Appellees.**

**No. 3944.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 15, 1965.

Rehearing Denied Feb. 12, 1965.

———◆———

Hardeman, Smith & Foy, San Angelo, for appellants.

Robinson & Wilson, Abilene, for appellees.

WALTER, Justice.

Mr. and Mrs. Leburn Ingram sued Mr. and Mrs. Virgil Goates for damages as a result of an automobile collision. Mrs. Ingram was traveling East on South 11th Street and Mrs. Goates was traveling South on Butternut Street in Abilene and collided at the intersection which is controlled by a traffic light.

The jury found that the light was red for South bound traffic, that Mrs. Goates failed to stop for the red light and that such failure was a proximate cause of the collision; that Mrs. Goates failed to keep a proper lookout, which was a proximate cause of the collision, and that Mrs. Goates failed to have her car under proper control, which was negligence and a proximate cause of the collision. The jury did not find Mrs. Ingram guilty of any act of negligence which was a proximate cause of the collision. The jury found $12,000.00 damages for personal injuries. Judgment was rendered for the Ingrams and the Goates have appealed.

Appellants contend there was jury misconduct because it received testimony from a member during their deliberation regarding (1) the intersection and the traffic signal light and (2) "in discussing and considering the need for and cost of future psychiatric treatment" for Mrs. Ingram, because same was not an issue.

The court found that there was no jury misconduct. It is contended that the testimony of the two jurors who testified on the hearing on the motion for a new trial was so uncertain and contradictory as to warrant such finding. It is true that where the testimony is inconsistent and contradictory the court in passing upon the credibility of the witnesses may disregard the testimony. Monkey Grip Rubber Company v. Walton, 122 Tex. 185, 53 S.W.2d 770. The court is also warranted in finding there was no misconduct where the testimony is conflicting. Price v. Biscoe, 141 Tex. 159, 170 S.W.2d 729.

The overt acts which Mrs. T. A. Hornsby, one of the jurors, testified to are substantially as follows: While we were considering the first special issue, whether the light was red for South bound traffic at the time and on the occasion of the accident, one of the jurors said that he lived in the vicinity of the intersection. He said that he had gone by there on his way to lunch and had noticed the light. He said the amber light stayed on "for a short while". She was asked "Now, Mrs. Hornsby, after Mr. Jungbert had related to you his personal observation of the light there, did the Jury take another vote on that first issue?" She answered "No. Mr. Decker raised the question that the light was red. And we were instructed not to let any personal experiences or anything like that enter into it." Mr. Jungbert did not say which side of the light he observed.

Mr. H. A. Seidel, one of the jurors, testified substantially as follows relative to the light: I remember one of the jurors stating that he lived near the intersection where the collision occurred. I do not remember the juror discussing the traffic light nor the fact that he had seen it when he went home

to lunch. I do not remember the juror saying that the amber light at the intersection was shorter than the average amber light. We answered special issue number I but just when I don't know.

Mrs. Hornsby testified substantially as follows relative to psychiatric treatment: Dr. Barker had testified that Mrs. Ingram needed psychiatric treatment. Someone thought the reason that she didn't see a pyschiatrist was because it was too expensive. Mr. Seidel, our foreman, read the court's charge and told us what we were to consider. The cost of psychiatric treatment was not in evidence. One of the jurors related something about a relative of hers and said that psychiatrists only treated crazy people and that such treatment was expensive. After the matter of psychiatric treatment and cost was mentioned and Mr. Seidel told us we were not to consider it, there was no further discussion of that matter.

■ Whether or not jury misconduct occurred is a question of fact but whether or not injury probably resulted is a question of law. Rule 327, Texas Rules of Civil Procedure. Trousdale v. Texas & New Orleans Railroad Company, Tex.Civ.App., 264 S.W.2d 489, affirmed 154 Tex. 231, 276 S.W.2d 242. Appellants have the burden of proving by a preponderance of the evidence that such misconduct occurred and that such misconduct probably resulted in injury to them. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. The testimony was so uncertain and inconsistent that the court was warranted in finding that no misconduct occurred. However, if we be mistaken about this, when we consider the matter in the light of the entire record, we find there is no showing that such misconduct, if any, probably resulted in injury to appellants.

Dr. Barker testified when he first saw Mrs. Ingram after the wreck "She was in a violently agitated state, with a very marked tremor." He had observed her for a period of nine months, had given her nineteen different prescriptions and testified that in his opinion her condition had remained about the same as it was when he first saw her. He described her condition as "an acute anxiety state." He said that she was extremely nervous and unable to hold anything in her hand for any period of time and unable to do any type of physical work. He further testified that in his opinion her present condition will be permanent and in his opinion the automobile accident was the cause of her condition.

Mr. and Mrs. Ingram testified, in effect, that Mrs. Ingram was in good health before the accident. Lay witnesses testified in effect, that from their observation of Mrs. Ingram she appeared to be in good health before the accident but that she was a nervous wreck after the accident.

■ We have considered all the evidence and find that the jury's answers are not against the great weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ We have considered appellants' point on excessiveness of the verdict in the light of all the facts and circumstances in the record and have concluded that the verdict is not excessive. World Oil Company, Inc. v. Hicks, 129 Tex. 297, 103 S.W.2d 962; Dallas Railway & Terminal Company v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017; Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835; Gulf, Colorado and Santa Fe Ry. Co. v. DeLeon, Tex.Civ.App., 373 S.W.2d 886, (Writ Ref. N.R.E.).

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.