Arden B. AGNEW et vir, Appellants,

v.

Patricia KELLEY et al., Appellees.

No. 17175.

Court of Civil Appeals of Texas, Fort Worth.

March 5, 1971.

Gardere, Porter & DeHay, and Edward E. Crowell, Jr., Dallas, for appellants.

Jack W. Gray and John L. Sullivan, Denton, for appellee, Patricia Kelley.

Clower & Stanford, Dallas, for appellee, Members Mutual Ins. Co.

## OPINION

LANGDON, Justice.

This is a damage suit initiated by Patricia Kelley, plaintiff, against Arden B. Agnew, defendant, for personal injuries sustained by her on May 5, 1968, when a car driven by Arden B. Agnew ran into the rear of her car. Members Mutual Insurance Company intervened to recover payments made by it on a collision policy covering the Kelley automobile. Judgment, based upon a jury verdict, was rendered against the Agnews awarding $7,057.50 plus interest and costs to Patricia Kelley and $391.57 plus interest to Members Mutual Insurance Company.

Arden B. Agnew and her husband, Fred G. Agnew, have appealed from such judgment. In this opinion the parties will be referred to as plaintiff and defendant or as Kelley and Agnew, respectively.

On the date in question Kelley was stopped at the intersection of University Drive and Nottingham Street in Denton, Texas, preparing to make a left hand turn from University Drive on to Nottingham. The left turn indicator was on and had been for some time prior to her stop to make the left turn. Kelley brought her car to a stop to wait for traffic to clear. Several seconds, estimated at a few to ten to fifteen seconds, after she brought her car to a stop, the car driven by Arden Agnew, at a speed estimated at 35 to 45 miles per hour, ran into the rear of it.

At the time of such collision, Mrs. Kelley was a 39 year old graduate student at North Texas State University without prior illness or injury of any significance. She served as Biology Department secretary and as part-time teaching assistant. As a result of the collision Kelley sustained a torsion type injury to her neck, upper back, and lower back. She was examined by a physician shortly after the collision and was hospitalized for her injuries at Flow Memorial Hospital in Denton, Texas, from May 8th to May 14th, 1968. During this time she was under continuous cervical spine traction and intensive physiotherapy. She was released from the hospital as improved and later returned to work. However, by reason of said injuries, her hospitalization, and the effects of said injuries, she was unable to complete her current graduate work, or to obtain her Masters Degree in August, 1968, as she had expected.

At the time of trial in May, 1970, she still had not been able to complete her graduate work. The higher degree carried with it considerably increased pay for

teaching assistants. By reason of her failure to attain the degree on schedule, and thus qualify for the higher pay her current earnings were reduced, and her future earning capacity was impaired. Kelley still had recurrent pain and considerable discomfort from her injuries at the time of trial, approximately 2 years after the date of the collision.

This appeal is based upon twenty-seven (27) points of error.

The first five points are directed at the submission of and the answer to Special Issue No. 15, the damage issue. The Agnews contend that there is no evidence and insufficient evidence to support the inclusion of elements b, c, and d in such issue and that such inclusion constitutes a comment on the weight of the evidence. Elements b, c, and d, respectively, are future pain and suffering, loss of earnings in the past and loss of earning capacity in the future. It is also urged that the award of damages is excessive.

■ There is ample evidence in the record to support the submission of and the answer of the jury to Special Issue No. 15. Further, such answer is not against the great weight and preponderance of the evidence. The inclusion of elements b, c, and d in Special Issue No. 15 does not in our opinion constitute a comment on the weight of the evidence.

In connection with its consideration and answer to Special Issue No. 15, the jury was instructed that it may consider "the following elements (including b, c and d) of damage, if any, and none other:". We deem the issue proper under the record in this case.

■ We have also concluded that such findings are not excessive in the light of all of the facts and circumstances reflected by the record and the reasonable inferences which may be drawn therefrom. World Oil Co. v. Hicks, 129 Tex. 297, 103 S.W.2d 962 (1937); Dallas Ry. &

Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017 (1950); Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835 (1959); Gulf, Colorado & Santa Fe Railway Company v. DeLeon, 373 S.W.2d 886 (Eastland Civ.App., 1963, writ ref., n. r. e.); and R. E. Dumas Milner Chevrolet Company v. Morphis, 337 S.W.2d 185, 189 (Fort Worth Tex.Civ.App., 1960, ref., n. r. e.).

Point 6 asserts that there was insufficient evidence to support the answer of the jury to Issue No. 10, i. e., that Kelley did not stop her vehicle more suddenly than a person of ordinary care and point 7 complains of the court's refusal to submit Agnew's requested issue inquiring as to whether or not Kelley failed to keep a proper lookout to the rear.

■ We have concluded that the evidence is ample to support the answer of the jury to Issue No. 10.

■ As to the rejected issue on lookout, the record reflects that Kelley, by use of the rear view mirror in her car, observed the car driven by Arden Agnew as it approached the rear of her car. Under the evidence Kelley kept a proper lookout to the rear. There was no evidence to the contrary. Since there was no failure to keep a proper lookout there would have been no answer to the proximate cause issue properly conditioned on an affirmative answer to the requested lookout issue.

Further there is no evidence in the record which would support a proximate cause issue on proper lookout to the rear. The jury exonerated Kelley in connection with the manner in which she stopped for her left hand turn and in giving a continuous left turn signal before stopping for her turn. In our opinion the court fairly submitted all of the issues raised by the evidence.

Agnew's points of error 8 through 26, both inclusive, are no evidence and insufficient evidence points directed at the findings by the jury which convicted Arden

Agnew of four separate acts of negligence, i. e., proper lookout, failure to timely turn her car to the right, failure to properly apply her brakes and driving at a greater rate of speed than a person of ordinary prudence in the exercise of ordinary care and findings of proximate cause as to each of such acts.

■ We have concluded that there is ample evidence to support the answers of the jury to each of such issues and that such answers are not against the great weight and preponderance of the evidence.

In connection with the above points, the Agnews "urge, first of all, that the record as a whole contains no evidence whatsoever that Arden B. Agnew was operating the motor vehicle which collided with the vehicle driven by Patricia Kelley. The Appellee did not direct Requests for Admissions or Interrogatories to the Appellants and did not produce deposition testimony of the Appellants to establish any relationship of the Appellants to the accident."

The Agnews are not residents of Texas. Jurisdiction over them was acquired by service under Article 2039a, Vernon's Ann. Civ.St., and by their appearance through counsel who filed a written answer on their behalf and represented them during trial of the case. Neither Mr. nor Mrs. Agnew appeared in person.

The alleged failure to identify Mrs. Agnew as the operator of the vehicle which collided with the rear end of the Kelley car was raised for the first time on this appeal. The amended motion for new trial contains no reference to any such omission. No motions for instructed verdict or judgment non obstante veredicto were made or filed.

The statement of facts contains the following questions directed to Kelley and her answers to them:

"Q All right. Now, I believe you said you looked up and saw Mrs. Agnew coming down the road?

"A Yes sir.

"Q Did she ever swerve to the right or turn to the right?

"A Yes sir.

"Q When was that?

"A Just before impact, because she hit my fender in the back, so she had almost cleared me and then she didn't quite make it.

"Q Did she ever apply her brakes?

"A I don't know,—"

■ We find and hold that the above quoted testimony of Kelley is sufficient to identify Mrs. Agnew as the operator of the car in question and thus to connect her with the collision in which Kelley sustained her injuries.

The attorney for the Agnews in his objections and exceptions to Special Issue No. 6 of the court's charge says, " * * * the only evidence produced regarding the application of brakes by the defendant, Arden Agnew, was the testimony by Gregory Eaton to the effect that Mrs. Agnew did apply her brakes and there is no contrary evidence." Actually the witness Eaton did not refer to Arden Agnew by name. However, the Agnew's objection to the charge above noted emphasizes, as does the record as a whole, that the parties to this suit assumed that Arden Agnew's operation of the car in question was conceded.

It was pointed out in Red River Valley Pub. Co. v. Bridges, 254 S.W.2d 854 (Dallas Tex.Civ.App., 1952, ref., n. r. e.) that such a premise is uncertain and undependable at best.

We make the further holding that under the circumstances reflected by the record in this case the failure, if any, of proof with regard to Arden Agnew's operation of the car in question does not require reversal under Rule 268, Texas Rules of Civil Procedure.

Any attack upon evidence for material insufficiency shall be raised at a time when the court may permit the offer of additional evidence if it clearly appears to be necessary to the due administration of justice. Red River Valley Pub. Co. v. Bridges, 254 S.W.2d 854, supra.

The 27th and final point complains of insufficient evidence to support the answer of the jury to Special Issue No. 12, i. e., Kelley was not attempting to turn left at a time when it would have appeared to a person using ordinary care that other traffic might be affected by such movement. This issue was not followed by one on proximate cause.

Frankly we are of the opinion that had the jury answered this issue in the affirmative it would not change the result. It is difficult for us to imagine a situation in which other traffic in close proximity would not be affected by the movement of traffic ahead of it, beside it, behind it, overtaking it, or approaching it. Every driver is affected by traffic ahead of him which signals for a stop or a turn in either direction. The prudent driver who maintains a proper lookout and exercises ordinary care in the speed at which he drives is prepared to take evasive action by turning or timely applying his brakes when affected by the movement of traffic moving ahead of him.

We have carefully reviewed the entire record in this case and have concluded that all of the points of error should be and the same are hereby overruled. The judgment of the trial court is affirmed.