**DIRECT DELIVERY SERVICE, INC.,**
**Appellant,**

v.

**James R. SEITZ, Jr., dba Marie Leavell Pavilion, Appellee.**

**No. 4706.**

Court of Civil Appeals of Texas, Eastland.

Oct. 4, 1974.

Rehearing Denied Oct. 25, 1974.

James M. Hurst, Shwiff, Hurst & Addison, Dallas, for appellant.

Shannon Jones, Jr., Passman, Jones, Andrews, Coplin, Holley & Co., Dallas, for appellee.

WALTER, Justice.

James R. Seitz recovered a judgment against Direct Delivery Service, Inc. for damages to a porcelain redheaded woodpecker and Direct Delivery Service has appealed.

Seitz pleaded that Direct Delivery Service was a common carrier of goods for hire and that he engaged it to transport the figurine to a photographer: that he delivered the woodpecker to Direct Service in good condition, and when it was deliv-

ered to the photographer, one of the wings and one of the acorns had been broken off.

Direct Service contends the judgment cannot be affirmed on the theory that it was a common carrier because the court failed to make a finding of fact or a conclusion of law that it was a common carrier.

The court does make findings of fact that the redheaded woodpecker was packed in a sturdy cardboard box labeled "fragile" and was unbroken when packed and after delivery to the photographer it was discovered that one of the wings and one of the acorns had been broken. These findings are supported by the evidence.

In Missouri Pacific Railroad Co. v. Elmore & Stahl, 368 S.W.2d 99 (Tex.Sup. 1963), at page 101 the court said:

"Under the general common law rule, a shipper of goods by common carrier makes a prima facie case of carrier liability by showing that the shipment was in good condition when delivered to the carrier at place of origin and in damaged condition when delivered by the carrier at destination. The carrier may then escape responsibility for the damage only by showing that it was caused solely by one or more of four excepted perils: (1) an act of God; (2) the public enemy; (3) the fault of the shipper, or (4) the inherent nature of the goods themselves. Where the loss is not due to one of these specified causes, it is immaterial whether the carrier has exercised due care or was negligent."

Rule 299 of the Texas Rules of Civil Procedure provides as follows:

"Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal."

■ The omitted unrequested element that Direct Delivery Service was a common carrier was pleaded and is supported by the evidence. Therefore, it will be supplied by presumption in support of the judgment.

■ We hold that the finding of $1100 plus attorneys' fees is not excessive. World Oil Co. v. Hicks, 129 Tex. 297, 103 S.W.2d 962 (Tex.Com.App.1937).

We have examined all of appellant's points and we find no merit in them. They are overruled. The judgment is affirmed.