**GLOBE SHOPPING CITY, Appellant,**

v.

**Mike WILLIAMS, Appellee.**

**No. 1342.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 24, 1976.

Frank C. Gibbs, III, Vinson, Elkins, Searls, Connally & Smith, Houston, for appellant.

Bill Pedersen, Jr., Tom D. Rorie, Rorie & Pedersen, Nacogdoches, for appellee.

COULSON, Justice.

This is a suit for damages for false imprisonment. On July 2, 1973 Mike Williams was apprehended by Shirley Thomas, a loss prevention employee of Globe Shopping City, as he was leaving the store. He was directed to a back room where two other men were present. The three were informed that they had been seen together in the stereo tape department in the act of shoplifting. The two other men were found to have tapes concealed on their persons. Williams and the other men denied knowing each other. Nonetheless, Williams was turned over to a Houston police officer on the complaint of a store detective that Williams had assisted the others in shoplifting. After being led through the store, apparently handcuffed, Williams was taken to the Houston city jail, booked, fingerprinted, photographed and held for five or six hours before being released. The jury found that Williams had been damaged and compensated him for his physical pain, mental suffering, shame, humiliation and fright, and loss of earnings in the past, in the amount of $35,000.

Globe asserts that the jury finding of damages in the amount of $35,000 is so flagrantly excessive in relation to any rational appraisal of actual damages as to clearly show, without an extraneous showing of jury misconduct, that the minds of the jurors were so dominated by improper motives as to make them incapable of rendering a verdict strictly on the evidence introduced. Alternatively, Globe asserts that the jury's verdict is so excessive in relation to any rational appraisal of actual damages as to require this court to treat the difference as excess and direct remittitur in accordance with Tex.R.Civ.P. 440. We affirm the judgment of the trial court.

■ To bring a case within the rule as stated in *World Oil Co. v. Hicks,* prejudice or passion must be affirmatively shown. Excessiveness of the verdict in itself does not establish prejudice or passion, unless it is so flagrantly excessive that it can not be accounted for on any other ground. *World Oil Co. v. Hicks,* 129 Tex. 297, 103 S.W.2d 962 (1937). Globe argues that the verdict in itself is so flagrantly excessive that it can not be accounted for on any other ground

than jury prejudice or passion. After a review of the statement of facts, we disagree.

Mike Williams suffers from a condition of brain damage. He spent the majority of his life in the Mexia State School. At the time he was falsely imprisoned, he was living at his parents' home and working as a carpet shampooer. After the imprisonment and arrest, Williams suffered severe headaches and became, according to his mother, very emotionally upset. He would withdraw even from his family. Williams testified that as a direct result of his emotional upset following the arrest he lost his job as a carpet shampooer and that because of the arrest he had trouble obtaining employment.

█ Despite the comparatively substantial nature of the award, we can not say it is excessive under the circumstances of the case and in light of the jury's considerable discretion in such matters. *Black v. Kroger Co.*, 527 S.W.2d 794 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

Affirmed.

CIRE, J., not participating.