**BYERLEY et al. v. BAUER.**

No. 3018.

Court of Civil Appeals of Texas. Beaumont.

Dec. 1, 1936.

Rehearing Denied Dec. 16, 1936.

John J. Pichinson and Jones & Kirkham, all of Corpus Christi, for plaintiffs in error.

Sidney P. Chandler and Paul A. Martineau, both of Corpus Christi, and Vinson, Elkins, Weems & Francis, of Houston, for defendant in error.

COMBS, Justice.

This case is before us on transfer by order of the Supreme Court. Plaintiffs in error were plaintiffs and defendant in error defendant in the trial court, and for convenience we will designate the parties as in the court below.

This is a personal injury action growing out of an automobile collision. The plaintiff pleaded that on or about July 5, 1934, his wife, together with his son and daughter were proceeding towards Corpus Christi on the Corpus Christi-Robstown highway, traveling in an easterly direction; that George Powell, plaintiffs' son, was driving at about 25 miles an hour on his own side of the road when, without warning or notice, the defendant Bauer, traveling in the opposite direction, swerved his car onto their side of the road and hit plaintiffs' car with great force; that the defendant was traveling in excess of 45 miles an hour and attempted to pass around another car traveling in the same direction, thus turning into the path of the plaintiffs' car, causing the collision. Plaintiff sued for personal injuries to his wife in the amount of $20,000, plus $700 hospital, medical, and drug bills. Plaintiff charged the defendant with numerous specific acts of negligence proximately causing the plaintiff's injuries, including driving on his left-hand or the wrong side of the highway, failing to keep a proper lookout, and failure to stop his automobile after he discovered plaintiffs' perilous position.

The defendant answered by general demurrer, several special exceptions, general denial, and pleas charging the plaintiff with contributory negligence in several respects.

In response to special issues the jury convicted the defendant of several acts of negligence proximately causing plaintiff's injuries, including findings that the defendant operated his automobile on the wrong side of the highway and that he failed to keep a proper lookout. On the contributory negligence issues the jury found that plaintiff's son was not driving on the left-hand side of the road, but that he drove a portion of the car on the left of the center of the highway, and that he failed to keep a proper lookout, which acts of negligence were proximate causes of the collision. The amount of damages was assessed at $500, plus $145 for doctors' bills. Upon the verdict of the jury the trial court entered judgment that the plaintiffs take nothing.

The evidence was highly conflicting on the material issues submitted to the jury, and there is no contention that any finding is without support in the evidence. The

only error assigned is the refusal of the trial court to submit issues on the plaintiffs' theory of discovered peril. Issues were prepared and seasonably presented to the trial court by the plaintiff embodying such theory and were refused.

The appellees contend that the trial court properly refused to submit issues on the theory of discovered peril, because, as they contend, first, it was not pleaded, second, the evidence did not raise it, and third, the jury having found that defendant was guilty of negligence in not keeping a proper lookout, necessarily, and as a matter of law, negatives any presumption that the jury would have or could have found in favor of the plaintiff on the issue of discovered peril, since said issue is grounded, not upon failure to discover the plaintiffs' perilous situation, but upon negligence occurring after the actual discovery of such perilous situation.

Plaintiff pleaded discovered peril as follows: "Plaintiff further alleges that the defendant at the time and place in question saw the car being driven by plaintiff's son on said highway and by the use of all the means and agencies then at hand and under his control, consistent with the defendant's safety, and with the safe and careful operation of said automobile, could and should have stopped said car in time to avoid colliding with the car being driven and operated by plaintiff's son, and the plaintiff further alleges that the failure of the defendant to so stop the said automobile which he was driving was the proximate cause of the damages and injuries sustained by plaintiff in that the defendant discovered the perilous position of Frances C. Byerley and the other occupants of plaintiff's car in time to avoid striking the same."

Said plea was not specifically excepted to, nor was any objection made to the introduction of testimony bearing upon the issue of discovered peril on the ground that the issue had not been sufficiently pleaded. Indulging all reasonable intendments in favor of the pleadings, as the court must do as against a general demurrer, we think the plea was sufficient. If the defendant desired to have the issue pleaded more specifically and more in detail, he should have called attention to the alleged defects in the plea by special exception.

It is also our conclusion that the evidence clearly raised the issue of discovered peril. In view of another trial, we will not set out or discuss at any length the testimony bearing upon the question. It is sufficient to say that the defendant's own testimony, to say nothing of other evidence in the case, clearly raised the issue. We think the evidence was clearly sufficient to raise an issue against the defendant that he actually discovered the perilous situation of plaintiff's automobile, and that a collision was imminent in time to have stopped his car and averted the collision had he used ordinary care to make use of all effective means at hand consistent with his own safety and that of his car.

There is no merit in appellee's further contention that the finding of the jury to the effect that the defendant was negligent in not keeping a proper lookout cured any error that may have been made by the trial court in failing to submit the issue of discovered peril. It is well settled that a jury's finding to the effect that a defendant failed to keep a proper lookout is not, as a matter of law, inconsistent with a finding that the defendant was guilty of negligence proximately causing the plaintiff's injury after he actually discovered the perilous situation of the plaintiff. Northern Texas Traction Co. v. Weed (Tex.Com.App.) 300 S.W. 41; St. Louis, B. & M. Ry. Co. v. Cole (Tex. Com.App.) 14 S.W.(2d) 1024; Shannon v. Horn (Tex.Civ.App.) 92 S.W.(2d) 1090 (writ dismissed). Moreover, it is now equally well settled that, where an issue is raised and its submission requested, the error of the trial court in refusing to submit it is not cured or rendered harmless by findings of the jury on other issues that were submitted which have the effect of negativing a favorable answer to the requested issue. A party to a suit has a right to an affirmative submission of every issue made in his favor by his pleadings and the evidence. 41 Tex.Jur. 280; Southland Greyhound Lines v. Cotten (Tex.Com. App.) 91 S.W.(2d) 326; Dixie Motor Coach Corp. v. Galvan (Tex.Com.App.) 86 S.W.(2d) 633.

For the error discussed, the judgment of the trial court is reversed and the cause remanded for a new trial.