**Samuel CHAFFINO et ux., Appellants,**

v.

**Herman HATTER, Jr., et al., Appellees.**

**No. 4562.**

Court of Civil Appeals of Texas.

Waco.

Jan. 12, 1967.

———◆———

Conway L. Wallace, Banister, Boswell & O'Toole, Roy Alexander, Jr., Houston, for appellants.

Thomas J. Ryan, Houston, for appellees.

## OPINION

WILSON, Justice.

Plaintiff appeals from a take-nothing judgment on a jury verdict in a rear-end automobile collision case. His brief describes the collision as follows: He and his wife were proceeding toward their home. Immediately after crossing an intersecting street plaintiff turned on his left-turn signal light, and reduced the speed of his vehicle to a bare minimum in contemplation of turning into his driveway, which was at the third house in that block. He heard tires squealing behind him, looked into his rear-view mirror, saw that defendant's vehicle was upon him, brought his car to a stop on the right side of the street, and was struck in the rear by defendant's car.

The jury found negligence of defendant's driver was a proximate cause of the collision, but also found plaintiff's negligence in failing to drive his vehicle to his right, and in stopping suddenly was a proximate cause.

Plaintiff says a negative answer to an issue inquiring whether he failed to give a visible signal of his intention to stop conflicts with the finding that he stopped suddenly. To present a conflict findings must concern the same subject matter. These do not. One inquires as to a stop; the other as to a signal. There is no conflict.

Objections that two issues are comments on the weight of the evidence are not preserved as grounds in the motion for new trial, and may not be considered.

The remainder of the points are those asserting no evidence, insufficient evidence, and overwhelming preponderance of the evidence. They are overruled.

Affirmed.