**Thomas Clyde TURNER, Appellant,**

v.

**VICTORIA COUNTY ELECTRIC CO–OPERATIVE COMPANY et al., Appellees.**

**No. 4697.**

Court of Civil Appeals of Texas.

Waco.

May 9, 1968.

Rehearing Denied May 29, 1968.

**485**

an electrical shock when he touched a transmission line while roofing the house.

The jury found plaintiff's injuries were proximately caused by the owner's negligence in locating the house so that a portion thereof was under a power company's transmission line, in failing to inspect the house to determine the proximity of the line and in failing to notify the owner of the power line of its proximity. The jury also found that the condition was "open and obvious." A take-nothing judgment was rendered on the verdict. We affirm.

All but one of appellant's points in effect assert inadequacy of the evidence to sustain the finding that the line and its nearness to the roof on which he was working was an open and obvious condition.

The parties do not brief or present questions as to whether or not defendant landowner's conduct found by the jury was, as a legal matter, negligence or a proximate cause. We confine our opinion initially, therefore, to appellant's no evidence, insufficient evidence and overwhelming preponderance of the evidence points.

■ While appellant testified he did not see the wires, and although there was evidence the roof, the wires and the background landscape were all green and the atmosphere hazy, the evidence was factually and legally adequate, in our opinion, to sustain the finding that the condition confronting plaintiff was open and obvious. There was testimony that the view of the wire, (which was less than three feet above the roof where it "angled over a corner") was unobstructed, and "a person could see it if he was looking"; and "if you had looked down that way it was plainly visible, if you looked at it"; that "you could see the power line driving up" the rural road leading to the house; that "there was nothing there that would obstruct your view"; that "it was plainly visible." The jury would have been justified in answering to the contrary, but the finding made was authorized.

David C. Whitlow, Whitlow, Cole & Kilgore, Victoria, for appellant.

O. F. Jones, Guittard, Henderson, Jones & Lewis, Harry Maddin, Cullen, Mallette, Maddin, Edwards & Williams, Victoria, for appellees.

## OPINION

WILSON, Justice.

Plaintiff sought damages from the owner of a house for injuries resulting from

It is next argued that the jury's "open and obvious" answer conflicts with a negative answer to an issue inquiring whether plaintiff failed to keep a proper lookout. It is argued that if the condition was open and obvious, plaintiff "could not keep a proper lookout and fail to see" it.

 This is not the type of "conflict" or inconsistency which vitiates a verdict. In the first place, the two issues do not concern the same subject matter. One relates to defendants' duty; the other to that of plaintiff. To present a conflict, the findings must concern the same subject matter. Chaffino v. Hatter, Tex.Civ.App., 410 S.W.2d 924.

A finding that one actually discovered a dangerous situation is held not to conflict with a finding that he failed to keep a proper lookout. St. Louis, B. & M. Ry. Co. v. Cole, Tex.Com.App., 14 S.W.2d 1024, 1026; Northern Texas Traction Co. v. Weed, Tex.Com.App., 300 S.W. 41, 43; Byerley v. Bauer, Tex.Civ.App., 99 S.W.2d 641, 643, writ dism.; Wilson v. Barnes, Tex.Civ.App., 224 S.W.2d 892, writ ref. A finding that defendant did not fail to observe signal lights, but failed to keep a proper lookout are not in irreconcilable conflict. Todd v. LaGrone, Tex.Civ.App., 234 S.W.2d 99, 101, writ ref., n. r. e.; and see Thompson v. Railway Express Agency, Tex.Civ.App., 206 S.W.2d 134, writ ref., n. r. e.; Townsend v. Young, Tex.Civ. App., 114 S.W.2d 296, 297. Here the jury was not required to believe plaintiff's testimony that he did not see the power line; it could have believed he observed it by keeping a proper lookout, but failed to take proper precaution to avoid contact with it, or that he exercised ordinary care in looking elsewhere at the moment of contact.

 For a stronger reason there is no irreconcilable conflict: The conflict between the answers, to be irreconcilable or fatal, "must be such that one answer would establish a cause of action or defense, while the other would destroy it." Little

Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985. See Texas & Pacific Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280. The issue as to whether the condition was "open and obvious" was an element of *plaintiff's* case in establishing a duty of defendant. Halepeska v. Callihan Interests, Inc., (Tex.1963) 371 S. W.2d 368, 378. Plaintiff had the burden of establishing the duty. Delhi-Taylor Oil Corporation v. Henry, (Tex.1967) 416 S. W.2d 390, 394. The "proper lookout" issue concerned, not the plaintiff's case, but defendants' defense of plaintiff's negligence. That plaintiff failed to establish his cause of action by one finding, whereas defendant failed to establish a defense by the other, does not present an irreconcilable conflict.

It is not necessary to pass on appellee's cross-points. Affirmed.