**J. H. PACE, Appellant,**

v.

**Isauro R. GUTIERREZ and Plainview Pig Producers, Inc., Appellees.**

**No. 8333.**

Court of Civil Appeals of Texas, Amarillo.

March 12, 1973.

Rehearing Denied April 2, 1973.

Nelson, McCleskey, Harriger & Brazill, Ernest R. Finney, Jr., Lubbock, for appellant.

LaFont, Tunnell, Formby, LaFont & Hamilton, Plainview, Gibbins & Spivey, Bob Gibbins, and J. Patrick Hazel, Austin, for appellees.

ELLIS, Chief Justice.

This is an appeal by the plaintiff from a take-nothing judgment entered after jury trial in a wrongful death action resulting from an intersectional collision of two motor vehicles. Reversed and remanded.

The plaintiff-appellant, J. H. Pace, instituted suit against the defendants-appellees seeking to recover damages for the wrongful death of his wife who was killed as a result of an automobile-pickup truck collision. The defendant-appellee, Isauro R. Gutierrez, was the driver of the pickup truck owned by his employer, defendant-appellee, Plainview Pig Producers, Inc. The plaintiff's wife, now deceased, was the driver of the automobile. The collision occurred at an uncontrolled intersection of two dirt roads approximately three miles east of the city limits of Plainview, in Hale County, Texas. The automobile driven by Mrs. Pace was traveling from east to west, and the pickup truck driven by Gutierrez was traveling from south to north. There was an elongated ridge or mound of dirt lying along the south side of the east-west road being traveled by the Pace vehicle. The east end of the mound or ridge was approximately 800 feet east of the intersection and extended westward to a point approximately 100 feet east of the center of the intersection. The evidence indicates that this mound or ridge, higher in some spots than others, was of sufficient height at some points to completely obscure the westbound driver's view of the northbound road and the pickup vehicle approaching from the south.

The relevant jury findings in response to special issues submitted are summarized as follows: (1) The defendant Gutierrez failed to keep a proper lookout, but such failure was not a proximate cause of the collision; (2) When the defendant was approaching the intersection, the vehicle

driven by Mrs. Pace was approaching such intersection in such proximity as to be a hazard, and the defendant's failure to yield to the vehicle driven by Mrs. Pace was a proximate cause of the collision; (3) Mrs. Pace failed to keep a proper lookout, such failure was negligence, but such negligence was not a proximate cause of the collision; (4) Mrs. Pace failed to turn her vehicle to the right immediately before the collision in an effort to avoid the collision, such failure was negligence and such negligence was a proximate cause of the collision; and (5) The fair and reasonable amount of money to compensate the plaintiff for his pecuniary loss resulting from the death of Mrs. Pace was "zero."

Thus, there was a finding of negligence and proximate cause against the defendants on the matter of failure to yield right of way, and a finding of contributory negligence and proximate cause against the plaintiff on the issue of failure to turn to the right. On the verdict, the trial court entered a take-nothing judgment against the plaintiff. From this judgment the plaintiff-appellant has brought this appeal upon eight points of error.

In his first four points, the appellant asserts no evidence and insufficiency of the evidence points regarding the jury's findings that the failure of Mrs. Pace to turn her vehicle to the right immediately before the collision in an effort to avoid the collision was negligence and that such negligence was the proximate cause of the collision. Initially, we deem it appropriate to determine the sufficiency of evidentiary support, if any, for the jury's finding of contributory negligence on the part of Mrs. Pace with respect to her failure to turn to the right. Only one witness, the defendant, Gutierrez, saw the collision, and his testimony was to the effect that he first saw the Pace vehicle when he was approaching the intersection, "about five feet from the intersection," and that he didn't remember what happened after that. He stated that he had no indication that Mrs. Pace ever saw him prior to the impact or

whether she applied her brakes. A Mr. Howell was the first person to arrive at the scene after the collision, and according to his testimony, there was no evidence that Mrs. Pace ever applied her brakes or turned in any way. We find nothing in the record to indicate otherwise. The record discloses no evidence that she ever saw the defendant's pickup prior to the collision.

■ Dr. Ernst W. Kiesling, a professor and chairman of the Civil Engineering Department at Texas Tech University, who qualified as an expert witness in the field of accident reconstruction and time and space measurement, testified that in his opinion the view of the driver of the Pace automobile would have been obstructed at least partially, and, sometimes totally, by the ridge of dirt on the south side of the east-west road, until the vehicle was within 100 feet of the intersection. He further testified that, in his opinion, at the time of the impact, the pickup was traveling at approximately 43 miles per hour and the automobile was traveling at approximately 40 miles per hour. His testimony indicated that with the driver of the Pace automobile traveling at the rate of 40 miles per hour, it would take 1.7 seconds to travel the last 100 feet prior to the impact, and that at such speed his best estimate of the total reaction time to enable the driver to take any evasive action was from .7 of a second to 1.7 seconds, plus whatever additional time it took for the mechanical reaction of the automobile. Thus, according to the expert testimony, Mrs. Pace would have had but a very short time to take any sort of evasive action after she should have seen the pickup, but there is no testimony that she ever saw the pickup prior to the collision. If she did not see the pickup when she should have seen it, it appears that it was by reason of her failure to keep a proper lookout, as found by the jury, but which the jury did not find was a proximate cause of the collision. If she had seen the pickup when she came into the intersection, the evidence does not show that she could have avoided

the collision by any means at her command. The burden was upon the defendants to prove that she saw the pickup in time to turn to the right, that having such time she did not do so, and that by turning to the right the collision would have been avoided. There is no evidence that she could have taken any evasive action, including turning to the right, in whatever time she had to avoid the collision. See Polasek v. Quinius, 438 S.W.2d 828 (Tex. Civ.App.—Austin, 1969, writ ref'd n. r. e.); Green v. Pool, 421 S.W.2d 439 (Tex.Civ. App.—Tyler 1967, no writ).

■ The appellant and appellees agree that time is the primary factor in determining whether Mrs. Pace's failure to turn to the right was the proximate cause of the collision. In this connection, the appellees contend that the evidence was sufficient to support the jury finding that Mrs. Pace had time to turn to the right in an attempt to avoid the collision. They insist that (1) Mrs. Pace had between .7 and 1.7 seconds to react after having a clear opportunity to see the pickup; (2) Gutierrez did not see Mrs. Pace until immediately prior to the collision and that he reacted by swerving to the left; and (3) Gutierrez was farther into the intersection than Mrs. Pace when the collision occurred and therefore she should have seen him before he saw her. It is well established that in order to establish proximate cause both causation in fact and foreseeability must be shown to exist. The act or omission must be one but for which the collision would not have occurred, and the causal connection must be proved beyond the point of conjecture, for mere speculation or surmise is not sufficient. Ussery v. Hodges, 417 S.W.2d 332 (Tex.Civ.App.—Tyler 1967, writ ref'd n. r. e.).

■ Appellees further argue that the jury as trier of the facts is entitled to decide the issue of causation when general experience and common sense will enable a layman fairly to determine the causal relationship between the event and the condi-

tion. They contend that Gutierrez, who saw the automobile just before he entered the intersection, swerved his vehicle to the left, and had Mrs. Pace reacted by turning to the right she could have avoided the collision. Merely because the other party may have seen the automobile and reacted in a certain manner does not serve to establish, other than by speculation and surmise, that Mrs. Pace saw the pickup prior to the collision or that she saw it in time to take evasive action. Proximate cause cannot be established by conjecture or by presumption; it must be proved. Lopez v. Lone Star Beer, Inc., 465 S.W.2d 774, 785 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.). From a review of the record, we have determined that there is no evidence of probative force to support the findings of the jury that Mrs. Pace was negligent in failing to turn to the right and that such failure was a proximate cause of the collision. Even if it should be regarded that under all of the facts and circumstances there is some degree of evidentiary support for the jury's answers against the plaintiff with respect to the failure to turn issues, for the reasons and under the authorities hereinabove set out, it is our opinion that there is insufficient evidence to support such findings and such findings are further against the greater weight and preponderance of the evidence. Appellant's points 1–4 are sustained.

■ Appellant complains in his eighth point of error that the court erred in submitting the issues regarding the plaintiff's failure to turn to the right on the grounds that there was no evidence or, alternatively, insufficient evidence to support the submission of such issues. We agree that there was no evidence of sufficient probative force to require the submission of the "failure to turn" issues. The record discloses no evidence as to when, if ever, she saw the other vehicle prior to the collision. Also, there is no evidence that, under the circumstances, Mrs. Pace could have foreseen that the defendant Gutierrez would

fail to yield the right of way, or to show that she had time to avoid the collision by turning to the right. For these reasons as well as the grounds stated for sustaining appellant's first four points, we sustain the appellant's contentions that the evidence does not justify the submission of the "failure to turn" issues. We do not agree that the submission of the issues on "turning" constitutes a comment by the court on the weight of the evidence, for each such issue was conditionally submitted and employed in each instance the phrases "if any you have found" and "if any." We sustain appellant's eighth point except as to the portion complaining of the court's purported comment on the weight of the evidence.

 In appellant's fifth point, it is contended that there is a conflict between the finding of a failure to keep a proper lookout not being a proximate cause and the finding that the failure to take evasive action was negligence and a proximate cause. In order to present a material conflict the findings must concern the same subject matter. Chaffino v. Hatter, 410 S.W.2d 924 (Tex.Civ.App.—Waco 1967, no writ). Failure to keep proper lookout and failure to take evasive action are not the same subject matter. Appellant's fifth point is overruled.

In appellant's sixth and seventh points, he raises no evidence and insufficient evidence points regarding the jury's finding that the appellant suffered no monetary damages by reason of the death of Mrs. Pace. Although there is some degree of conflict or uncertainty in the testimony, the jury could have determined that the evidence supported a finding of damages; however, these points are now immaterial. Upon a determination that the evidence supports the jury's finding of contributory negligence, the error, if any, with respect to the damage issue becomes immaterial. A determination that the evidence does not support the finding of contributory negligence would result in a reversal and remand, and another jury on re-trial may as-

sess damages. For the reasons above stated, the error, if any, in failing to assess damages has been rendered harmless. See Dunn v. Sears Roebuck and Co., 371 S.W.2d 731 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.); Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (1939); Francis v. Herrin Transportation Company, 473 S.W.2d 664 (Tex.Civ.App. —Houston [1st District] 1971, no writ). Appellant's sixth and seventh points are overruled.

As previously set out, it is our opinion that the evidence in this case does not sufficiently support either the submission of the "failure to turn" issues or the jury's findings that the plaintiff's failure to turn to the right was negligence and that such negligence was a proximate cause of the collision. Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.