James H. PAPPAS, as Independent
Executor of the Estate of George
H. Pappas, Deceased, Appellant,

v.

The ESTATE of Winfred E. LAUGHLIN,
Deceased, et al., Appellees.

No. 7941.

Court of Civil Appeals of Texas.

May 12, 1977.

Rehearing Denied June 9, 1977.

Robert J. Brill, Houston, for appellant.

Jerry V. Pennington, Orange, for appellees.

STEPHENSON, Justice.

This is an action for damages brought under the wrongful death statute. Trial was by jury, and judgment was rendered for plaintiffs upon the verdict.

Winfred Laughlin, the driver of one of the automobiles involved in this collision, was killed. His surviving wife, Individually and as Independent Administratrix of his estate, and his minor children brought this suit. George Pappas, the driver of another automobile involved in this collision, died during the pendency of this suit, and his estate was substituted as the party defendant.

The uncontradicted evidence shows the following: Pappas was driving one of the automobiles in a westerly direction on Interstate 10 when he had a blowout on the right rear tire. He was on the bridge crossing the Old and Lost River and brought the automobile to a stop in the right hand lane. Immediately after Pappas stopped there was a collision in the left lane between two other automobiles, about two or three car lengths ahead of where the Pappas car was stopped. One of those cars was later driven into the right-hand lane ahead of the Pappas car, but the second car in the first collision remained in the left-hand lane. Traffic continued to weave around the three automobiles. About fifteen or twenty minutes passed when a truck arrived at this scene and came to a stop in the left lane, behind two automobiles which came to a stop in front of him. There were at least two cars which had come to a stop in the right lane behind the Pappas car. In a few minutes the driver began to move the truck forward when the Laughlin pickup collided with the rear end of the truck, killing Winfred Laughlin.

The jury found Pappas was negligent in failing to drive his automobile off the bridge within a reasonable time and that such negligence was a proximate cause of the collision between the truck and the Laughlin pickup. The jury failed to find Laughlin negligent in any respect.

■ Defendant's first points of error are that there is no evidence and insufficient evidence to support the jury finding that Pappas' negligence was a proximate cause of the collision between the truck and the Laughlin pickup and that such finding is contrary to the great weight and preponderance of the evidence. In passing upon the no-evidence point, we consider only the evidence favorable to such finding, and we consider all of the evidence in passing upon the two remaining points of error.

In considering these points of error, the factual situation must be viewed in the proper perspective. The negligence in the case before us was the failure by Pappas to move his car off of the bridge in a reasonable time. This negligence began when a reasonable time elapsed and continued through the time Laughlin's pickup was driven into the rear end of the truck. The situation in our case is *not* one in which a defendant's negligence caused a first collision and had come to an end before a second collision occurred. Pappas testified by deposition before his death that he could have driven his automobile off of the bridge even though he had a flat tire. He also testified that he did, in fact, finally drive his car off of the bridge without changing the tire.

■ It is too elementary to require citation to state that we have the two elements in proximate cause, foreseeability and cause in fact. Measuring the factual situation to each of those standards, we find that there is evidence that Pappas could have foreseen that a collision would occur if he did not move his car off of the bridge and that his failure was a cause in fact of the collision which followed. These points are overruled.

Defendant's next series of points attack, in the same manner, the failure on the part of the jury to find Laughlin guilty of negligence. We apply the same rules as stated above in passing upon these points. The issues referred to inquired about speed, proper control, brakes, safe distance, proper lookout and turning.

■ There is little evidence in this record as to the allegations of contributory negligence. The witnesses agree that this incident occurred between 8:30 and 9:00 p.m. C.D.T., August 8, 1971. The weather conditions were heavy mist and rain, and the highway was damp. Winfred Laughlin was alone in his pickup truck, and the driver of the truck which was run in to, did not see the Laughlin pickup before the collision. The investigating officer testified he measured the skidmarks left by the pickup to be 46 feet in length, and thereby estimated its speed to be between 35 and 40 miles per hour at impact. Most of the testimony came from an expert witness in accident reconstruction. He estimated Laughlin's speed to be between 42 to 46 miles per hour when it began to skid. He testified as to headlight distances and reaction time, and concluded that, at speeds of 45, 50, and 55 with the visibility existing, there was no way Laughlin could have stopped his car. Defendant relies primarily upon the fact that Laughlin's pickup did not stop or turn before striking the truck as evidence that Laughlin must have been guilty of negligence in one or more of the manners alleged. It is well established law in this state that the mere fact that a collision occurs is not in itself proof of negligence. *Rankin v. Nash-Texas Co.*, 129 Tex. 396, 105 S.W.2d 195, 199 (Tex.Com.App. 1937, jdgmt adopted). These points of error are overruled.

It is next contended that this jury was guilty of misconduct in that the foreman of the jury was in the insurance business and convinced the other jurors because of his knowledge and expertise in such business. It is also contended that a discussion by the jury of insurance and financial ability constituted jury misconduct. One juror testified, on a hearing of defendant's motion for a new trial, that the foreman made the statement that since he was in the insurance business he thought the widow of the deceased had lost about $150,000. Several of the jurors testified that the foreman had been asked to suggest an amount for the widow to recover.

■ There are no findings of fact or conclusions of law, and none were requested. A study of the statement of facts shows that the evidence is conflicting, and the foreman of the jury denied the misconduct occurred. It is settled law in this state that where there is such a conflict in the evidence and no findings and conclusions, the overruling of the motion for a new trial is an implied finding that the misconduct did not occur. *Brawley v. Bowen*, 387 S.W.2d 383 (Tex. 1965). These points are overruled.

■ The jury awarded $10,000 to one minor child and $20,000 each to the other two minor children. The final point of error is that there is no evidence to support the two $20,000 awards.

The evidence supporting those awards is as follows: Winfred Laughlin was a good provider and took care of his family; he was a dedicated family man and interested in the welfare of his family; he kept his family clothed and adequately fed; he spent his money on his children; he was kind-hearted and loved by his family. The point is overruled. *Continental Bus System, Inc. v. Biggers*, 322 S.W.2d 1 (Tex.Civ. App.—Houston 1959, writ ref'd n. r. e.).

AFFIRMED.