SOUTHWESTERN BELL TELEPHONE COMPANY, Petitioner,

v.

John THOMAS et ux., Respondents.

No. B–6081.

Supreme Court of Texas.

July 13, 1977.

Rehearing Denied July 27, 1977.

Fulbright & Jaworski, Russell H. McMains, Houston, for petitioner.

Riddle, Murphrey, O'Quinn & Cannon, Ernest H. Cannon and John M. O'Quinn, Houston, W. Jack Salyer, Bay City, for respondents.

## ON MOTION FOR REHEARING

DENTON, Justice.

The opinion of the Court dated June 8, 1977 is withdrawn, and the following opinion is substituted therefor.

This action for damages was brought by Mr. and Mrs. John Thomas for personal injuries arising out of a rear-end automobile collision in which a truck owned by Southwestern Bell Telephone Company and operated by one of its employees collided with the rear-end of an automobile owned and operated by Mr. Thomas. The trial court entered judgment on the jury verdict for the plaintiffs. The court of civil appeals upheld the trial court judgment. 535 S.W.2d 686. We reverse.

The collision occurred on October 29, 1971, on Interstate 45 between Texas City and Dickinson, Texas, in Galveston County. Interstate 45 is a four-lane divided highway with two lanes for automobiles traveling in a southerly direction, and two in the northerly direction. The roadway was straight and level; there were no curves or hills and nothing obscured the vision of the drivers. The accident occurred in the daytime when weather conditions were clear and the highway was dry. Both cars were traveling in the right-hand lane in a northerly direction about five miles north of Texas City, when the defendant's truck overtook and collided with the rear of the plaintiffs' automobile, propelling the plaintiffs' automobile to the right, off of the highway. The defendant's truck veered and turned to the left into the esplanade. The defendant's driver, John Cliver, Jr. testified that he was traveling approximately 65 miles per hour in a 70 mile per hour zone.

The verdict upon which judgment was rendered consisted solely of answers to special issues on damages resulting from "the occurrence in question." No special issues on primary negligence or proximate cause were submitted by the court.

The defendant complains to this Court of the trial court's refusal to submit tendered special issues on contributory negligence and proximate cause. In affirming the trial court's judgment, the court of civil appeals held defendant's requested issues were not in substantially correct form, and that there was no evidence to support their submission. The issues requested by defendant inquired (1) whether Thomas was driving at a slower rate of speed than a person using ordinary care would have driven, and (2) whether such action was a proximate cause of the occurrence in question.*

---

\* The issues requested were as follows:

Do you find from a preponderance of the evidence that on the occasion in question John Thomas was driving at a slower rate of speed than a person using care would have driven?

Do you find from a preponderance of the evidence that such action was a proximate cause of the occurrence in question?

We think the issues were in substantially correct form. The requested contributory negligence issue included an inquiry of negligence; the conduct inquired about is cast in terms that are at variance from an ordinary care standard. Tex.R.Civ.P. 277; *Southern Steel Company v. Manning*, 513 S.W.2d 273 (Tex.Civ.App.1974, no writ).

One may be guilty of contributory negligence in a rear-end collision case by driving too slowly. *Owens v. Rogers*, 446 S.W.2d 865 (Tex.1969); *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444 (Tex.1967). If there was evidence to support the special issues, the trial court's refusal to submit such issues constituted reversible error. We think that there was some evidence.

It is undisputed both vehicles were traveling in a northerly direction in the outside or right-hand lane. Mr. Thomas testified he was driving "between 50 and 55 miles an hour" when his wife reminded him he was driving "too fast." He testified that this remark drew his attention to the speedometer and, "I was making 55, and a few more minutes I heard a lick and I was headed across the ditch." Cliver, the driver of the defendant's truck, testified he was driving 65 miles per hour when he first saw the plaintiffs' car immediately before the collision. Cliver testified he could not explain how plaintiffs' vehicle suddenly appeared. He stated: "Possibly I'd been following a car and the car swerved out to pass around this vehicle—you know how you unconsciously follow a car. And I had been, maybe, following it and it veered out. Otherwise, I don't know." Later Cliver testified "the only thing I remember was [sic] the fact that the car was a very dirty color that blended in real well with the road." Cliver recalled a conversation that he had with Mr. Thomas immediately after the collision, and testified Thomas told him he was going 45 miles per hour and that his wife was hurt. He again referred to this conversation on cross-examination, and after stat-

ing Thomas said he was going 45 miles per hour, he added "but it seemed more to me like 30 or 35 miles per hour." When Cliver was asked: "Can you tell us how fast he was going, based on what you saw?" He answered, "No, I cannot."

The plaintiffs rely upon Cliver's testimony that based upon what he saw, he could not say how fast the Thomas vehicle was going. We agree that the testimony is speculative and could not, standing alone, warrant submission of the issues requested. But this, in conjunction with Mr. Thomas' statement that immediately before the accident he had noticed his speed, which according to his wife was "too fast," and Cliver's testimony that Mr. Thomas admitted he was going only 45 miles per hour by the time of collision, would support a conclusion on the part of the jury that the Thomases were not proceeding in a reasonable manner; specifically, that a speed of 45 miles per hour immediately after proceeding 55 miles per hour on an interstate highway was not such speed as a person using ordinary care would have chosen. It was within the jury's province to conclude that a speed of 45 miles per hour, for an automobile which had been in the flow of traffic at a speed of 55 miles per hour, was too slow.

Because of our holding, it is unnecessary to discuss any of defendant's other points of error. We feel compelled to point out, however, that special issues on primary negligence and proximate cause ordinarily are necessary. The parties should consider whether such issues should be submitted on retrial.

It was error to refuse submission of the defendant's special issues on Mr. Thomas' contributory negligence. The judgments of the trial court and the court of civil appeals, insofar as damages were awarded for the personal injuries of Mr. Thomas and for the past and future medical expenses of Mr. and Mrs. Thomas, are reversed, and the cause is remanded for a new trial. Mrs. Thomas' recovery of dam-

ages for personal injuries is not barred by contributory negligence on Mr. Thomas' part. *Graham v. Franco*, 488 S.W.2d 390 (Tex.1972). Her claim for personal injuries is severed, and the judgments below are in that regard affirmed. The motion for rehearing is overruled.

