SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,

v.

Ruth DAVIS et al., Appellees.

No. 6062.

Court of Civil Appeals of Texas, Waco.

May 3, 1979.

James E. Barden and Jerry R. Tucker, Sr., San Antonio, for appellant.

William O. Whitehurst, Jr., and Mack Kidd, Kidd & Whitehurst, Dicky Grigg, Spivey & Grigg, Joseph V. Crawford, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Southwestern Bell from judgment against it in favor of plaintiff Davis for $21,460.15, and plaintiff DeWitty for $96,717.92, in an automobile collision case.

On April 2, 1977 plaintiffs Davis and DeWitty were proceeding east on 12th Street in Austin, Texas. Mrs. Davis was driving her car, Mrs. DeWitty was a passenger. They were in a funeral procession travelling about 15 miles per hour. Esiquel Mindieta an employee of Southwestern Bell was proceeding north on Pleasant Valley Road towards its intersection with 12th Street. He ran into and collided with plaintiff's vehicle in the intersection, injuring both plaintiffs.

Plaintiffs filed this suit against Southwestern Bell alleging Mindieta in the course of his employment, was negligent in failing to keep proper lookout and in failing to timely apply his brakes. Defendant answered by general denial and counterclaim alleging plaintiff Davis was negligent in failing to keep proper lookout, failing to timely apply brakes, and in disregarding a red light.

Trial was to a jury which found:

1) Esiquel Mindieta was negligent in his lookout, and in the timely application of his brakes, which was a proximate cause of the occurrence.

2) Ruth Davis was not negligent: in her lookout; in timely application of her brakes; in observing traffic signals; or in the control of her speed.

3) Was conditionally submitted upon a finding of negligence on the part of both

parties, inquiring of the comparative negligence of the parties, and was accordingly not answered.

4) Was the damage issue as to plaintiff DeWitty, and found her damages as follows:

A. $3,367.92: past medical care.

B. $5,850.00: past earnings loss.

C. $7,500.00: past pain and mental anguish.

D. $12,500.00: future medical care.

E. $50,000.00: future loss of earnings.

F. $10,000.00: future pain and mental anguish.

5) Was the damage issue as to plaintiff Davis, and found her damages as follows:

A. $2,120.15: past medical care.

B. $1,640.00: past earnings loss.

C. $4,000.00: past pain and mental anguish.

D. $500.00: future medical care.

E. $4,000.00: future loss of earnings.

F. $250.00: future pain and mental anguish.

6) Fixed $1,250.00 as damage to Mrs. Davis's car.

7) Fixed $200.00 for rental of a car by Mrs. Davis while her car was being repaired.

8) Fixed $681.10 as damage to Southwestern Bell's vehicle.

9) Found the entrustment of the van to Mindieta by Southwestern Bell was gross negligence.

10) Awarded exemplary damages of:
$7,500.00 to Mrs. DeWitty
$7,500.00 to Mrs. Davis.

The trial court rendered judgment on the verdict for plaintiff Davis for $21,460.15; and for plaintiff DeWitty for $96,717.92.

Appellant appeals on 16 points contending:

1) There is no evidence and/or insufficient evidence to support the jury's answer to Issue 1, finding that Mindieta was negligent in failing to keep a proper lookout, and to timely apply his brakes, and such finding is against the great weight and preponderance of the evidence.

2) There is no evidence and/or insufficient evidence to support the jury's answer to Issue 2, finding plaintiff Davis not negligent, and such finding is against the great weight and preponderance of the evidence.

3) The trial court erred in permitting expert witness Ruble to testify when the facts were before the jury, and fully available for assessment without testimony of an expert who was not present at the scene of the accident when it occurred.

4) There is no evidence and/or insufficient evidence to support the jury's answer to Issue 4 finding plaintiff DeWitty's damages in the total sum of $96,716.42.

5) There is no evidence and/or insufficient evidence to support the jury's answer to Issue 5 finding plaintiff Davis's damages in the total sum of $22,460.15.

6) There is no evidence and/or insufficient evidence to support the jury's answers to Issues 9 and 10.

Contention 1 complains of the jury's finding that Southwestern Bell's driver Mindieta was negligent in failing to keep a proper lookout and to timely apply his brakes; contention 2 complains of the jury's finding plaintiff Davis was not negligent; and contention 3 complains of the trial court's permitting witness Ruble, an accident reconstructionist expert, to testify in the case.

■ There is evidence plaintiffs were travelling at approximately 15 miles per hour; that Mindieta was travelling approximately 25 miles per hour; that plaintiffs were in a funeral procession 10 or 11 cars back from the policeman; that all cars had their lights on; that plaintiffs were a half car length behind the car in front of them; that there were a number of cars behind them in the procession; that Mindieta hit plaintiffs in the intersection; that at the speed of both vehicles, the position of obstructions, the visibility line, the point at which the drivers of both vehicles could see the other driver, was a distance of approxi-

mately two and three-fourths second away from the point of impact; that Mindieta could have reacted in three-fourths of a second, and stopped in approximately three-fourths of a second; that he could have stopped the van in 40 feet; that northbound travellers on Pleasant Valley Road could see the intersection through which the funeral procession was proceeding from 350 feet away. This plus the fact that all cars in the funeral procession had their headlights on authorized the jury to infer that Mindieta would have to notice that a funeral procession was going through the intersection.

■■ Mrs. Davis was travelling at fifteen miles per hour one-half car length behind the car ahead of her in the funeral procession. A policeman was leading the procession. There is evidence that at the time the light facing Mindieta turned green, an automobile was just clearing the intersection. Thus, the jury could reasonably infer that Mrs. Davis was partially in the intersection when the light facing her turned red. Moreover, there is a universal custom developed over the years for automobiles to stop to allow a funeral procession to cross an intersection. See: *Sundene v. Koppenhoefer*, 343 Ill.App. 164, 98 N.E.2d 538.

■ The witness Ruble, an accident reconstructionist expert, testified extensively as to his qualifications; computed braking distances and times involved, and demonstrated to the jury with mathematical precision that if Mindieta had maintained a proper lookout and timely applied his brakes, the accident would not have happened. The testimony of experts are commonly permitted to testify to such matters as above if within their skill and expertise. *Barker v. Dunham*, Tex., 551 S.W.2d 41; Texas Law of Evidence, McCormick & Ray, Section 1400, pp. 233, 234 (1956); *Lawson v. State of McDonald*, Tex.Civ.App. (Waco) NRE, 524 S.W.2d 351; *State Highway Dept. v. Hinson*, Tex.Civ.App. (Corpus Christi) NRE, 517 S.W.2d 308; *Pappas v. Estate of Laughlin*, Tex.Civ.App. (Beaumont) NRE, 552 S.W.2d 525; *McIlroy v.*

*Wagley*, Tex.Civ.App. (Corpus Christi) NRE, 437 S.W.2d 5; *Pace v. Gutierrez*, Tex. Civ.App. (Amarillo) NRE, 492 S.W.2d 356.

And defendant did not object to witness Ruble's testimony thereby waiving such point. *Champion Mobile Homes v. Rasmussen*, Tex.Civ.App. (Tyler) NRE, 553 S.W.2d 237; *Battles v. Adams*, Tex.Civ.App. (Austin) NRE, 415 S.W.2d 479.

Contentions 1, 2 and 3 are overruled.

Contentions 4 and 5 assert there is no evidence or insufficient evidence to support the jury's award to Mrs. DeWitty of $96,-716.42, and to Mrs. Davis of $22,460.15.

Defendant specifically attacks findings: 4 D which awarded Mrs. DeWitty $12,500.00 for future medical care; 4 E which awarded Mrs. DeWitty $50,000.00 future loss of earnings; 5 D which awarded Mrs. Davis $500.00 future medical care; and 5 E which awarded Mrs. Davis $4,000.00 future loss of earnings. Defendant further complains of the testimony of the witness Dr. Hanson, a vocational rehabilitation expert, who testified extensively over objection, as to loss of earnings by Mrs. DeWitty in the future.

Mrs. DeWitty was 67 years old. Her work experience includes 22 years teaching music in the Austin public schools, production of a radio program of songs, and spirituals for 6 years; organizing and directing choral concerts involving 1400–1500 persons for State and National Baptist Conventions; lecturing, playing for weddings, teas and funerals, and writing and publishing songs and music. At the time of the accident she was earning some $10,500.00 per year from her music at Ebenezer Baptist Church, State and National conventions, weddings, teas, funerals and her hymnbook sales. She has lost $5,850.00 from the date of the accident to the time of trial. She sustained injuries to her right hand, shoulder, hip, knee and neck. As a result she has developed traumatic arthritis in her right hand which affects playing of the organ and piano. She has developed a progressive deformity of her right hand. She suffers pain and limitations which will intensify with time; she has active synovitis in her index

and long metacarpophalangeal joint of her right hand which is permanent; arthritic changes in her hip and knee which are permanent, and will result in increased pain and disability as time goes by. Since the accident she has been unable to maintain her former life. She has a life expectancy of between 10 and 14.9 years. There is evidence from which the jury could conclude that she is or in the near future will be rendered totally disabled from a vocational standpoint.

Mrs. DeWitty had $3,367.92 in medical expenses prior to trial. There is evidence that she should continue therapy and medical treatment and that she may need an operation. Appellant in its brief concedes that there is evidence to support some $6,600.00 in future medical expenses.

■ The award of future medical expenses is a matter about which no precise evidence is required, it being a matter particularly for the jury, and one upon which the jury may make its award based on the nature of the injuries, the medical care rendered before trial, and the condition of the injured party. *City of Houston v. Moore*, Tex.Civ.App. (Houston 1) NRE, 389 S.W.2d 545; *Southwestern Bell Telephone Company v. Thomas*, Tex.Civ.App. (Corpus Christi) 535 S.W.2d 686, Aff'd in part, reversed in part on other grounds, Tex., 554 S.W.2d 672.

Mrs. Davis was 57 years old. She is a musician who plays for her church, and for funerals and weddings. She lost $1,640.00 earnings from date of the accident to time of trial. She has a life expectancy of 21.3 years. She is still suffering from her injuries and particularly her right wrist and has not been able to perform her piano playing duties as much as prior to the accident; she does not feel well. She has past medical expenses of $2,120.15 resulting from her injuries sustained in the accident; and is having physical problems which affect her whole outlook on life.

Contentions 4 and 5 are overruled.

Contention 6 asserts there is no evidence or insufficient evidence to support the jury's answers to Issues 9 and 10.

■ Issue 9 found the entrustment of the van to Mindieta by Southwestern Bell was gross negligence, and Issue 10 awards $7,500.00 each exemplary damages to both plaintiffs.

The evidence is that Southwestern Bell hired Mindieta without inquiring or checking into his driving record; that he had his driver's license suspended two years prior to employment by Southwestern Bell for 6 months as a habitual violator of the traffic laws; that he was convicted after employment by Southwestern Bell for 4 traffic violations which involved 2 accidents; that he had a valid driver's license when employed by Southwestern Bell, that Southwestern Bell did not have any actual knowledge of his driving record. The foregoing evidence would amply sustain a finding of ordinary negligence for the entrustment of the vehicle to Mindieta. *Union Transports, Inc. v. Braun*, Tex.Civ.App. (Eastland) NWH, 318 S.W.2d 927; *Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587; *Hines v. Nelson*, Tex.Civ.App. (Tyler) NWH, 547 S.W.2d 378.

But same will not sustain a finding of gross negligence. *Bennett v. Howard*, 141 Tex. 101, 170 S.W.2d 709; *Abercrombie Co. v. Scott*, Tex.Civ.App. (Galveston) NRE, 267 S.W.2d 206; *Atlas Chemical Industries, Inc. v. Anderson*, Tex., 524 S.W.2d 681.

Such cases hold that negligence or the want of ordinary care will not expose the actor to exemplary damages; but that instead it is settled that there must be a showing of "gross negligence" in order to obtain exemplary damages in a negligence case; and that "gross negligence, to be ground for exemplary damages, should be the *entire want of care* which would poise the belief that the act or omission complained of was the result of a *conscious indifference* to the right or welfare of the person or persons to be affected by it".

From the record it does not appear Southwestern Bell was consciously indifferent to the rights or welfare of plaintiffs, but that the negligent entrustment was or-

dinary negligence only. Contention 6 is sustained.

The judgment is accordingly reformed to delete $7,500.00 from the recovery of each of the plaintiffs.

██ Additionally from the record we are of the opinion that the judgment as to plaintiff DeWitty is further excessive in the sum of $15,000.00 and that the judgment as to her should be reversed for this reason only. Appellee DeWitty is given 10 days from this date to file a remittitur of $15,-000.00, Rule 440 TRCP. *Flanigan v. Carswell,* 159 Tex. 598, 324 S.W.2d 835; *World Oil Co. v. Hicks,* 129 Tex. 297, 103 S.W.2d 962; *Caswell v. Satterwhite,* Tex.Civ.App. (Waco) NRE, 277 S.W.2d 237; *Big Town Nursing Home v. Newman,* Tex.Civ.App. (Waco) NWH, 461 S.W.2d 195. If such remittitur is filed within 10 days the judgment of the trial court will be reformed and affirmed as to appellee DeWitty.

The judgment is severed and Reformed and Affirmed in the amount of $13,960.15, as to appellee Davis.

Reversed and Remanded as to appellee DeWitty.

### OPINION AFTER FILING REMITTITUR

Appellee DeWitty having filed remittitur of $15,000. as suggested by this Court, the judgment of the trial court is reformed in conformity with such remittitur and is affirmed in the amount of $74,217.92.

Costs of appeal taxed ⅙ against appellee Davis; ⅙ against appellee DeWitty; and ⅔ against appellant.