**Beverly Louise Hafer FLY, Appellant,**

v.

**Jim FLY, Appellee.**

No. 1450.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 22, 1979.

Ronald B. Walker, Hartman, Lapham & Seerden, Victoria, for appellant.

J. M. Fly and Robert B. Whitaker, Victoria, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from a default divorce judgment which the appellee husband obtained from his wife. In the final decree, the trial court found that no community property was accumulated during the marriage, and awarded all of the property as separate property to the husband. The court changed the wife's name to her maiden name, and found that there was no child or issue of the marriage and that the wife was not pregnant. The wife learned of the divorce two days after it had been granted and immediately filed a motion for new trial under oath which was overruled by operation of law.

The wife on appeal contends that the trial court erred in four numerated points. We need to consider only two points for reversal. First, the granting of the default divorce decree when a court reporter was not present for the entire proceeding; and second, in changing the wife's name without her request or consent.

The record indicates that in September of 1977, the husband filed suit for divorce. Shortly thereafter, the parties reconciled and again lived together as husband and wife. In the wife's motion for new trial, she alleged under oath that after they began to live together again, she was informed by her husband that his father (who

was the attorney representing her husband in the original divorce action) "had dismissed the divorce suit" and "had removed the same from the docket of the court." The wife stated that she did not know that another divorce action was contemplated by her husband until she first learned that he again wanted the divorce at the time she was served by a temporary restraining order on July 17, 1978. On July 19, the wife went to an attorney concerning the restraining order papers. The wife's attorney discovered that a divorce had actually been granted by a different judge from the one who had issued the restraining order on July 18, 1978, one day after the restraining order had been filed. The record shows that the original divorce had never been dismissed. The wife further stated under oath that the decree of divorce was based upon fraud in that the court deprived her of her community property.

The record in this Court shows that the court reporter appeared and started taking down the testimony in the case sometime after the trial had commenced and other evidence had been presented to the trial judge. The wife's attorney tried to get a complete statement of facts, apparently under Rule 377(d), T.R.C.P., by requesting the trial judge to complete the statement of facts so as to make the same conform to the truth. In response to the motion, the trial judge filed an instrument designated, "Statement of Facts for Appeal," in which is stated in relevant part as follows:

". . . The Court finds that the Statement of Facts as prepared by Joe Flores, Court Reporter, conform (sic) to the truth of the divorce proceedings with the exception of not including the questions asked Appellee/Petitioner by the Court to establish proper venue and the Court's finding of proper venue.

The Court orders that the true and complete Statement of Facts will be reflected by the Court Reporter's Statement of Facts and by the Court's findings here that proper venue was established at the original hearing by the Court's questioning and Appellee/Petitioner's response."

■ An appellant is entitled to a complete statement of facts. If through no fault of his own he is unable to obtain the statement of facts, his right to have the case reviewed on appeal can be preserved by him in no other way than by reversal and a retrial of the case. *C. W. Fisher v. First Security State Bank of Cranfills Gap, Texas,* 576 S.W.2d 886 (Tex.Civ.App.—Waco 1979, no writ); *Southwestern Bell Telephone Co. v. Thomas,* 535 S.W.2d 686 (Tex. Civ.App.—Corpus Christi 1976), reversed on other grounds, 554 S.W.2d 672 (1977); *Victory v. Hamilton,* 127 Tex. 203, 91 S.W.2d 697 (1936, opinion adopted); *Goodin v. Geller,* 521 S.W.2d 158 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.); *State v. Ripke,* 426 S.W.2d 599 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.); *Pacific Greyhound Lines v. Burgess,* 118 S.W.2d 1100 (Tex.Civ. App.—Amarillo 1938, writ ref'd); *Dugie v. Dugie,* 511 S.W.2d 623 (Tex.Civ.App.—San Antonio 1974, no writ).

■ The appellee contends, on the other hand, that we have a complete statement of facts if we take the partial statement of facts and add to it the trial court's statement that the only thing missing was the establishment of proper venue. We disagree. The trial court's statement as set out above is merely a conclusion of law. The appellant wife was not required to rely on the unaided memory of the trial judge, who decided the merits of the case, in order to obtain a complete statement of facts. *Rogers,* supra; *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ. App.—Dallas 1975, writ ref'd).

There are several unanswered questions that come to our mind. The record clearly shows that the appellee husband sought out a district judge and obtained an ex parte temporary restraining order which was served on the appellant wife. The appellee husband did not have a hearing on this restraining order. The very next day, after the issuance and the serving of this restraining order, the husband took his case to another judge and obtained a default divorce. Surely the second trial judge should have seen the outstanding restraining order

on the docket sheet and among the papers in the case and must have questioned the husband concerning this ex parte order. The record in this regard is completely silent. Also, neither venue nor jurisdiction appears to have been proven up in the statement of facts. In addition to all of the foregoing, the wife's affidavit filed in her motion for new trial stated that her husband had misrepresented the true facts concerning the community property.

All of this would require a retrial of the case to obtain a complete statement of facts unless the absence of the court reporter had been waived by the parties. (On new trial see: *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939); *Hensley v. Salinas,* 583 S.W.2d 617 (Tex.1979). A defaulting party, such as we have here, cannot waive the presence of a court reporter by failing to object because neither the wife nor her attorney were present at the trial. *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978); *Smith v. Smith,* 544 S.W.2d 121 (Tex.1976); *Robinson v. Robinson,* 487 S.W.2d 713 (Tex.1972). It was the trial court's duty to require a court reporter to be present for the entire proceedings in such a situation.

The Family Code § 3.64 permits a trial court to change the name of either party specifically requesting such change. The court has considerable discretion and may change the name of either party who prays for the name change. See Family Code § 32.24. Here, the record shows that the wife did not make such a request and although the husband had petitioned the name change, the wife had not consented thereto. Therefore, the trial court erred in changing her name without her request or consent. Although the trial court has considerable discretion in a proper case, we deem this action to be an abuse of such discretion.

The judgment of the trial court is reversed and the case is remanded for a new trial.